STATE of Minnesota, Respondent,

v.

Barry Ewing BEVERIDGE, Appellant.

No. 48686.

Supreme Court of Minnesota.

March 9, 1979.

Mark W. Peterson and Joseph S. Friedberg, Minneapolis, for appellant.

Warren Spannaus, Atty. Gen., St. Paul, Gary W. Flakne, County Atty., Vernon E. Bergstrom and David W. Larson, Asst. County Attys., Minneapolis, for respondent.

TODD, Justice.

Defendant was found guilty by a district court jury of five felony charges (aggravated robbery, kidnapping, burglary, and two counts of aggravated assault) and was sentenced by the trial court to a term of 1 year and 1 day to 10 years in prison. The sole issue on this appeal is whether the trial court abused its discretion in denying a delayed motion for a continuance to permit substitution of counsel. We affirm.

In numerous cases we have dealt with the issue of denial of a motion for a continuance to permit or facilitate substitution of counsel. See, *In re Welfare of T. D. F.*, 258 N.W.2d 774 (Minn.1977); *State v. Vance*, 254 N.W.2d 353 (Minn.1977); *State v. Fagerstrom*, 286 Minn. 295, 176 N.W.2d

261 (1970); and *State v. Huber*, 275 Minn. 475, 148 N.W.2d 137 (1967). These cases require us to examine the circumstances before the trial court at the time the motion was made and decided and to consider whether the trial court's decision prejudiced defendant by materially affecting the outcome of his trial.

■ In this case, after having been granted five continuances at the request of former counsel, defendant waited until the day of trial before he moved for a continuance. By that time, the prosecutor had already subpoenaed witnesses, and the court also was ready for trial. One who waits until the day of trial before moving for a continuance ought to have a good explanation for the delay. Defendant did not. In fact, his newly-retained counsel apparently had been negotiating for a retainer for some time and was aware of the scheduled trial date, and yet did not give the court advance notice that he might need a continuance in order to represent defendant.

Further, defendant did not present any information which suggested that his public defender was not prepared to adequately defend him, whereas the prosecutor informed the court that the state might be prejudiced by a continuance because one of the state's key witnesses had been threatened and it was possible that a continuance would result in the loss of her testimony.

■ Finally, defendant has failed to show that the denial of the continuance prejudiced him by materially affecting the outcome of his trial. We have reviewed the entire record and believe that the public defender represented defendant competently and aggressively and that defendant received a fair trial. The evidence of his guilt was strong.

Affirmed.