**STATE of Minnesota, Respondent,**

v.

**Gilbert Marvin MATTESON, Appellant.**

**No. 49339.**

Supreme Court of Minnesota.

Nov. 16, 1979.

C. Paul Jones, Public Defender, and J. Christopher Cuneo, Asst. Public Defender, Minneapolis, for appellant.

Warren Spannaus, Atty. Gen., St. Paul, Thomas L. Johnson, County Atty., Vernon E. Bergstrom, Chief, App. Div., Asst. County Atty., and David W. Larson, Asst. County Atty., Minneapolis, for respondent.

SHERAN, Chief Justice.

Defendant was found guilty by a district court jury of two counts of third-degree criminal sexual conduct, Minn.Stat. § 609.-344(b) (1976) (engaging in sexual penetration with a complainant at least 13 but less than 16 years of age) and § 609.344(c) (1976) (using force or coercion to accomplish sexual penetration). The trial court sentenced defendant, on the first count only, to a maximum prison term of 10 years. On this direct appeal from judgment of conviction, defendant contends that his conviction should be reversed and a new trial granted because the trial court committed prejudicial error in admitting other-crime evidence and in the manner in which it instructed the jury on the use of this evidence. We affirm.

The complainant in this case was the 14-year-old stepdaughter of defendant. The misconduct which formed the basis of the charges against defendant allegedly occurred in September 1977 when the complainant returned home from school. Complainant reported the matter to her mother a month later after discovering she was pregnant (a pregnancy which was subsequently aborted) and the mother then notified the police. Defendant, who had moved

out of the house by then, responded to the news of the complaint first by threatening to kill complainant and then by fleeing to Nebraska and then to Florida.

The other-crime evidence which was admitted at trial related to a similar incident which allegedly occurred on December 14, 1975. The evidence at trial indicated that on that date defendant returned home early from a party, before complainant's mother returned, and offered to pay complainant and a girl friend for sexual favors. The evidence also indicated that complainant and her friend reported the incident to complainant's mother immediately, and a short time later to the police.

The issue of the admissibility of this evidence was first raised at the omnibus hearing, the trial court ruling that the evidence was admissible as showing a common scheme or plan by defendant. At trial the prosecutor stated in open court what exception the state was relying on, and the trial court read a cautionary instruction each time that a state's witness testified concerning the prior crime. The court also gave a cautionary instruction as part of its final instructions.

On appeal defendant contends that the prosecutor should have been required to call witnesses at the omnibus hearing to testify about the prior crime and that the court should have determined then whether the evidence of this crime was clear and convincing. Defendant, pointing to the evidence which was adduced at the trial, argues that the evidence was not clear and convincing and that therefore the trial court should not have admitted it. He also argues that the evidence was not relevant and that, even if it were relevant, its potential for unfair prejudice outweighed any relevance it had. Finally, he argues that

the cautionary instruction of the court, which the court gave numerous times, was inadequate in that it failed to specify the exception pursuant to which the evidence was being admitted and to adequately limit the use of the evidence.

The state disagrees with all of defendant's contentions. The most interesting argument of the state is its argument that the trial court is not to decide the issue of whether the evidence of the prior crime is clear and convincing. It argues that this evidence is solely for the jury. The state contends that the trial court technically erred in failing to submit this to the jury here but points out that the issue was not raised by defendant in the trial court or on appeal and argues that, in any event, defendant was not prejudiced by the lack of such an instruction because the evidence here obviously was clear and convincing.

(a) The first issue confronting us is whether the trial court is to decide the issue of whether the evidence of a prior crime is clear and convincing. The state apparently believes that the matter of whether the evidence of a prior crime should be received is a shared responsibility of the judge and jury under R. 104(b), R.Evid.,[1] with the judge initially making a conditional determination of relevancy and the jury ultimately determining the matter. The defendant, on the other hand, argues that the matter of whether to receive the evidence—including the issue of whether the evidence is clear and convincing—is one of admissibility under R. 104(a), R.Evid.[2]

In *State v. Billstrom*, 276 Minn. 174, 178, 149 N.W.2d 281, 284 (1967), we summarized the applicable procedures in these cases as follows:

(a) Evidence of other crimes may not be received unless there has been notice

---

1. R. 104(b), R.Evid., reads as follows:
   When the relevancy of evidence depends upon the fulfillment of a condition of fact, the court shall admit it upon, or in the court's discretion subject to, the introduction of evidence sufficient to support a finding of the fulfillment of the condition.
2. R. 104(a), R.Evid., reads as follows:
   Preliminary questions concerning the qualification of a person to be a witness, the

existence of a privilege, or the admissibility of evidence shall be determined by the court, subject to the provisions of subdivision (b). In making his determination he is not bound by the rules of evidence except those with respect to privileges.

as required by *State v. Spreigl*, 272 Minn. 488, 496, 139 N.W.2d 167, 173. (Applicable to all cases tried after December 17, 1965).

(b) At the time the evidence is offered, the prosecutor shall specify the exception to the general exclusionary rule under which it is admissible.

(c) If evidence of other crimes is received for purposes of identity rather than to show a common scheme or plan, there must nevertheless be some relationship in time, location, or modus operandi between the crime charged and the other offenses.

(d) Evidence of other crimes is admissible only if the trial court finds the direct or circumstantial evidence of defendant's identity is otherwise weak or inadequate, and that it is necessary to support the state's burden of proof. It should be excluded where it is merely cumulative and a subterfuge for impugning defendant's character or for indicating to the jury that he is a proper candidate for punishment.

(e) The evidence of defendant's participation in other crimes need not be proved beyond a reasonable doubt but must be clear and convincing.

(f) Both at the time the evidence is received and in the final charge, the court should admonish the jury that the testimony is received for the limited purpose of establishing identity. It is the court's duty to advise the jury in unequivocal language that defendant is not being tried and may not be convicted for any offense except that charged, warning them that to convict for other offenses may result in unjust double punishment.

■ While that case did not specifically hold that the trial court rather than the jury was to determine whether the evidence was clear and convincing, subsequent cases of this court have indicated that this was the case. *State v. Titworth*, 255 N.W.2d 241 (Minn.1977), discusses the " 'clear and convincing' standard" as one of the standards which must be met before evidence covered by an exception may be "admitted"

by the trial court. And our recent decision in *State v. Link*, —— N.W.2d —— (Minn. 1979) also indicates that the issue is one of admissibility for the court to determine.

Support for this approach is found in D. Louisell and C. Mueller, Federal Evidence, § 140 (Supp.1979), and J. Weinstein, Evidence—United States Rules, § 404[09] (Supp.1978). The Eighth Circuit takes a similar approach. *See United States v. Calvert*, 523 F.2d 895, 906 (8th Cir. 1975), *cert. denied*, 424 U.S. 911, 96 S.Ct. 1106, 47 L.Ed.2d 314 (1976).

■ (b) We next turn to the issue of whether the trial court erred in admitting the evidence. Answering this question requires a consideration whether the evidence was clear and convincing, whether the evidence was relevant, and whether the potential of the evidence for unfair prejudice outweighed its relevance. We believe it obvious that the evidence was clear and convincing. We also believe it is clear that the evidence was relevant. While the prior conduct occurred about a year and a half earlier, that fact alone should not render the evidence inadmissible. The purpose of the requirement of close relation in time, place or modus operandi is to help insure that the other-crime evidence being admitted is relevant. Generally, the greater the similarity of the other crime to the crime charged in time, place or modus operandi, the greater the chance that the other crime is relevant. Here although the charged conduct and the prior conduct were not closely related in time, they were closely related in terms of place (both occurred in complainant's mother's apartment) and parties (defendant allegedly had sexual intercourse with complainant on the one occasion and tried to have intercourse with her and her friend on the prior occasion) and type of conduct (sexual intercourse was the goal on each occasion). Under these circumstances we do not believe that the trial court abused its discretion in determining that the evidence was relevant and that its relevance outweighed its potential for prejudice.

(c) The final issue is whether the trial court's cautionary instructions were inadequate. We need not address this issue since defense counsel did not object to the cautionary instructions which the trial court gave to the jury. Defendant, therefore, should be deemed to have forfeited his right to raise this issue on appeal. However, we note that the instruction of which defendant now complains is identical to the recommended instruction on testimony as to other crimes. See CRIMJIG 3.13.

Affirmed.