STATE of Minnesota, Respondent,

v.

Steven Allen VOLSTAD, Appellant.

No. 48904.

Supreme Court of Minnesota.

Jan. 11, 1980.

C. Paul Jones, Public Defender, and Robert D. Goodell, Asst. Public Defender, Minneapolis, for appellant.

Warren Spannaus, Atty. Gen., St. Paul, Thomas L. Johnson, County Atty., Vernon E. Bergstrom, Chief, App. Div., David W. Larson, Michael H. McGlennen, and Thomas A. Weist and Janeen E. Rosas, Asst. County Attys., Minneapolis, for respondent.

PETERSON, Justice.

Defendant was found guilty by a district court jury of a charge of criminal sexual conduct in the first degree, Minn.Stat. § 609.342(c) (1976) (nonconsensual sexual penetration of another after causing the other person to have a reasonable fear of imminent great bodily harm). Defendant, who has since been discharged from probation, contends on this appeal from judgment of conviction that the evidence of his guilt was legally insufficient, that the trial court erred in admitting certain other-crime evidence and in its instructions to the jury concerning the use of this evidence, and that the trial court erred in denying a last-minute pretrial motion for a continuance by defendant so that he could obtain new counsel. We affirm.

1. Defendant's first contention is that because the complainant's testimony was not corroborated, the evidence of his guilt was legally insufficient. Although § 609.347, subd. 1, provides that the testimony of a complainant in a case of this nature "need not be corroborated," we said in *State v. Ani,* 257 N.W.2d 699 (Minn.1977), that there may be cases where, notwithstanding this statute, the lack of corroboration may render the evidence legally insufficient. This case, however, does not invoke either principle, for our examination of the record indicates that the complainant's testimony was corroborated, among other particulars, by medical testimony that intercourse had occurred, by police testimony that complainant's eyes were red and puffy when they answered her prompt call for help, and by the fact that defendant, when arrested, gave what he later admitted was a false alibi. We hold that the evidence of guilt was not insufficient.

2. Defendant's second contention is that the trial court erred in admitting prior-crime evidence and in its instructions to the jury on the use of this evidence.

(a) Defendant argues that the trial court itself erroneously failed to make a determination of whether there was clear and convincing evidence of defendant's guilt of the prior offense but instead erroneously submitted the issue to the jury. On the other hand, the state argues that the issue of whether the evidence of the prior crime is clear and convincing is for the jury, not for the court, and that therefore the trial court properly instructed the jury that they should determine whether or not the evidence of the prior crime was clear and convincing.

We recently determined this issue in *State v. Matteson,* 287 N.W.2d 408 (Minn. 1979), holding that whether the evidence of the other crimes is clear and convincing is for the court to determine as a matter of admissibility. Here, it is not clear from the record whether the trial court addressd the issue of whether-er the evidence was clear and convincing before admitting it, nor is it clear that defendant even challenged admissibility on this ground. However, the complainant's testimony was not the least bit vague or uncertain; rather, it clearly and positively pointed to defendant's guilt of the prior misconduct. Under these circumstances, assuming the trial court failed to address the issue, we conclude defendant was not prejudiced. As for the instruction, we need say only that defendant could not have been prejudiced by it, for the effect of it was to let the jury ignore the evidence if they found it was not clear and convincing even though it was properly admitted. Beyond this, defendant did not object to the instruction and therefore is deemed to have forfeited his right to raise this issue on appeal.

(b) Defendant next argues that the potential of the other-crime evidence for unfair prejudice outweighed its probative value and should have been excluded on that ground. In this connection he seems to argue that whenever the prosecutor's case depends completely on the uncorroborated testimony of a complainant, it is improper to try to corroborate that testimony by other-crime evidence when the only evidence of the other crime is the uncorroborated testimony of the complainant. This appears to be the rule followed in California. *See People v. Stanley,* 67 Cal.2d 812, 63 Cal.Rptr. 825, 433 P.2d 913 (1967). The theory of the *Stanley* case is that because the real issue for the jury in such a situation is to decide which evidence to believe, that of the defendant or that of the complainant, permitting the prosecutor to introduce uncorroborated other-crime testimony by the complainant adds nothing to the case, because the issue is still one of which witness to believe, but it does have a great potential for unfair prejudice.

The reasoning of the *Stanley* court may well apply in certain cases, but we disagree with the suggestion that the approach should be turned into a hard-and-fast rule. Instead, we think the matter must be left to the discretion of the trial court, subject to review by this court for any abuse of discretion. Here, it was important that the complainant be permitted to testify to the prior misconduct by defendant. The testimony was not admitted for the purpose of arousing the jury's passions. Rather, it was properly admitted for the purpose of illuminating the relationship of defendant and complainant and placing the incident with which defendant was charged in proper context. Further, it is incorrect to characterize complainant's testimony about the crime charged as being completely uncorroborated and it is incorrect to characterize the other-crime evidence as being completely uncorroborated.

(c) Defendant's final argument concerning the other-crime evidence is that one of the prior crimes was not mentioned in the *Spreigl* notice. There are three answers to this: First, defendant did not specifically raise the issue at trial; second, the incident was specifically mentioned in the complaint, so the defendant was aware that the complainant claimed it had occurred; and third, the incident really was a part of a broader incident, for which a *Spreigl* notice was given.

3. Defendant's final contention, that the trial court erred in denying his motion for a continuance, is answered by our recent decision in *State v. Beveridge*, 277 N.W.2d 198 (Minn.1979). Specifically, defendant did not have a good reason for waiting until the day of trial before moving for a continuance. The reason which he gave for wanting a continuance—that he feared his privately-retained counsel would not be paid for his services by his father—was not a sufficient reason for granting one at that time. Finally, defendant has failed to show that the denial prejudiced him by materially affecting the outcome of his trial.

Affirmed.