STATE of Minnesota, Respondent,

v.

Jesse Botell MOYER, Appellant.

No. 50592.

Supreme Court of Minnesota.

Nov. 7, 1980.

C. Paul Jones, Public Defender, and J. Christopher Cuneo, Asst. Public Defender, Minneapolis, for appellant.

Warren Spannaus, Atty. Gen., St. Paul, Thomas L. Johnson, County Atty., Vernon E. Bergstrom, Chief, Appellate Div., David W. Larson, Asst. County Attys., Thomas A. Weist, Law Clerk, and Daniel H. Mabley, Asst. County Atty., Minneapolis, for respondent.

PETERSON, Justice.

Defendant was found guilty by a district court jury of charges of first–degree arson, Minn.Stat. § 609.561 (1978), and attempted second–degree murder, Minn.Stat. §§ 609.17 and 609.19 (1978), and was sentenced by the trial court for the attempted murder to a prison term of 1 year and 1 day to 20 years. On this appeal from judgment of conviction, defendant contends he should receive a new trial because the trial court prejudicially erred in (1) admitting certain other–crime evidence under R. 404(b), R. Evid., and (2) denying a motion by defendant under R. 609, R. Evid., to bar the prosecutor from cross–examining him concerning a prior rape conviction if he testified, a ruling which defendant says caused him to forego his right to testify in his own defense. Alternatively, defendant contends that at least his minimum sentence should be vacated on the ground that the weapon he used in the attempted murder, fire, was not a "dangerous weapon" as that term is used in Minn.Stat. §§ 609.02, subd. 6, and 609.11 (1978). We affirm.

The state's evidence showed that on March 29, 1979, after threatening to kill his girl friend and the people she lived with in an attic apartment of a house, defendant poured gasoline near the sole exit and, intending to kill the occupants of the apartment, intentionally ignited the gasoline, possibly by throwing a match at it or a firebomb. The resulting explosion and flames forced the occupants to flee via a window. Defendant, who was observed throwing something seconds before the explosion and was also observed fleeing the explosion, was captured minutes later at his apartment as he was shaving his singed hair off his head. His pants had gasoline on them.

1. Other–crime evidence admitted at defendant's trial consisted of (a) testimony by defendant's girl friend concerning an assault by defendant on her in January 1979, 2 months earlier, and (b) evidence concerning an act by defendant of criminal damage to the property of a former girl friend some 20 months earlier.

■ (a) Defendant challenges the testimony concerning the assault primarily on the ground that the trial court improperly refused to conduct a hearing to determine whether the evidence of the assault was clear and convincing. As in *State v. Volstad*, 287 N.W.2d 660 (Minn.1980), assuming the trial court improperly failed to address this, we conclude the defendant was not prejudiced because the record on appeal establishes that the evidence clearly and positively pointed to defendant's guilt of the prior offense. The relevance of the evidence was strong since it illuminated defendant's relationship with his girl friend and showed that on a prior occasion, as on the date of the charged conduct, defendant had acted irrationally to punish his girl friend for refusing to comply with his demands.

■ (b) Admission of the prior offense occurring some 20 months earlier was also within the scope of the trial court's discretion. Significantly, the prior conduct, while not involving use of fire, did involve doing physical damage to a dwelling. Also significantly, the victim of the prior crime was a girl friend of defendant, *i. e.*, a person having the same basic relationship with defendant that the primary intended victim of the charged crime had with defendant. The court was justified in concluding that the evidence would show that, as in January of 1979 and as in March of 1979, defendant, angry with a girl friend, had acted irrationally and criminally to get back at her.

2. The prior conviction which defendant sought to bar a prosecutor from eliciting on cross–examination if defendant testified was a 1969 Texas rape conviction for which

defendant served a number of years in prison. Defendant contends that the trial court did not exercise its discretion but incorrectly assumed that R. 609, R. Evid., automatically permitted cross–examination concerning the offense if defendant testified. Defendant contends that if the trial court had exercised its discretion, the court would have had no choice but to bar the cross–examination.

In *State v. Burrows*, 295 N.W.2d 100 (Minn.1980), a case in which the trial court had refused to engage in the balancing contemplated by the rule because he believed the prior conviction was automatically admissible, we ruled that "Even if the trial court should have made a discretionary determination and balanced probative value against prejudicial effect, the trial court still would have been justified in admitting the evidence and presumably would have done so." On this basis, we sustain the admission of the evidence.

■ In this case a consideration of all the factors suggests to us that the trial court would have been free to admit the prior conviction and that he presumably would have done so. Accordingly, we sustain the trial court's ruling.

■ 3. Defendant's final contention, that the imposition of a minimum term was unjustified because he did not use a dangerous weapon, is without merit. Neither the state nor the jury knew for sure exactly how the gasoline was ignited but it was clear that defendant used the gasoline and that he ignited it somehow. There was also some evidence that he may have thrown something at it to ignite it, possibly a match, possibly a firebomb. The key fact is that defendant intentionally ignited gasoline to create an explosion and fire in an attempt to murder his girl friend and anyone who was with her, and we believe that the minimum term of section 609.11 must be interpreted to apply in such a situation.

Affirmed.

OTIS, Justice (concurring specially).

While I hold to the view that appellant's 1968 conviction for rape in no way reflects on his credibility so as to justify its prejudicial effect on a jury, the evidence of appellant's guilt is here so overwhelming that I am of the opinion the disclosure of his criminal record played no significant part in the jury's reaching its verdict.

WAHL, Justice (concurring specially).

I join in the special concurrence of Mr. Justice Otis.