**STATE of Minnesota, Respondent,**

v.

**George Michael BAZOFF, Appellant.**

**No. 50865.**

Supreme Court of Minnesota.

Jan. 9, 1981.

C. Paul Jones, Public Defender, and Robert J. Streitz, Asst. Public Defender, Minneapolis, for appellant.

Warren Spannaus, Atty. Gen., St. Paul, Robert W. Johnson, County Atty., and Robert A. Stanich, Asst. County Atty., Anoka, for respondent.

WAHL, Justice.

Defendant was found guilty by a district court jury of a felony charge of welfare fraud, Minn.Stat. §§ 256.98, 609.52, subd. 3(2), 609.05 (1978) (theft of more than $150 but not more than $2,500 by fraudulently obtaining public welfare assistance). Because this was defendant's second felony conviction for welfare fraud in a period of two years, the trial court sentenced defendant to a prison term (five years maximum). On this appeal from judgment of conviction defendant contends (1) that his conviction should be reversed outright because the evidence of his guilt was legally insufficient, or (2) that, despite his failure to object to the instructions or the closing argument, he should be granted a new trial because (a) the trial court's cautionary instructions on the other-crime evidence, CRIMJIG 2.01 and 3.13, 10 Minnesota Practice, Jury Instruction Guides, Criminal 8, 25 (1977), were inadequate, and (b) the prosecutor's reference to the other-crime evidence in his closing argument was improper.

We are not persuaded by defendant's contention that the evidence of his guilt was legally insufficient. The jury was not obliged to believe defendant or to disregard the state's evidence. Not only did the state submit all the forms defendant signed without including his workers' compensation benefits, it also produced other strong evidence of guilty knowledge and intent, including the properly admitted evidence of defendant's prior conviction for welfare fraud and the evidence concerning defendant's lying to the food stamp program employees who questioned him in October and November of 1978, when he submitted those applications.

As for the claims of trial error, defendant, by failing to object, is deemed to have forfeited his right to have these issues considered on appeal. *State v. Matteson*, 287 N.W.2d 408 (Minn.1979).

Affirmed.