**STATE of Minnesota, Respondent,**

v.

**O'Darius FIELDS, Appellant.**

**No. 51930.**

Supreme Court of Minnesota.

Oct. 30, 1981.

C. Paul Jones, Public Defender, Emily F. Seesel, Asst. Public Defender, Minneapolis, for appellant.

Warren Spannaus, Atty. Gen., St. Paul, Thomas L. Johnson, County Atty., Vernon E. Bergstrom, Michael McGlennen, Thomas A. Weist, Asst. County Attys., and Anne E. Peek, Minneapolis, for respondent.

SHERAN, Chief Justice.

Defendant was found guilty by a jury of a charge of theft over $150, Minn.Stat. § 609.52, subd. 2(1) and 3(2) (1980), based on the testimony of employees of a Minneapolis store who saw defendant take a television set from the store without paying for it on the evening of February 11, 1980. The trial court sentenced defendant to a limited prison term of 3 (rather than 5) years, but made the term consecutive to a previously imposed sentence for a prior conviction. On this appeal, defendant claims he should receive a new trial because the trial court denied his request for appointment of different counsel. Alternatively, defendant challenges the propriety of consecutive sentencing, claiming it was in violation both of the federal constitution and the Sentencing Guidelines law. We affirm.

1. Defendant's request for appointment of different counsel was made to the court after the jury had been selected. There was no excuse for the delay in making the request and defendant did not present any information to suggest that his public defender would not defend him adequately, other than to say generally that he was uncomfortable with his attorney. On appeal, defendant has failed to show that he was prejudiced by the denial of his request, and we hold that the trial court did not prejudicially err in its ruling. *State v. Beveridge*, 277 N.W.2d 198 (Minn.1979).

2. Defendant's other contention is two-part.

First, he contends that the use of consecutive sentencing was in violation of the Sentencing Guidelines law. We do not address this contention because the sentence was for the offense committed before May 1, 1980, when the Sentencing Guidelines became effective. By Act of June 1, 1981, c. 366, § 1, 1981 Minn. Laws 2355, 2355–56, the legislature provided that persons convicted of and sentenced for crimes committed before May 1, 1980, may petition the district court for postconviction relief in the form of resentencing pursuant to the provisions of the guidelines. Defendant is free to petition the district court for relief pursuant to this provision, preferably through the State Public Defender's office.

Citing *Bordenkircher v. Hayes*, 434 U.S. 357, 98 S.Ct. 663, 54 L.Ed.2d 604 (1978), and other cases, defendant contends that

the trial court improperly used consecutive sentencing in order to punish him for his exercise of his right to trial. This contention is based on the fact that at one point during the sentencing hearing the trial court, in response to a statement of defendant that he was trying to rehabilitate himself, stated that "every time you do get yourself into difficulty, somehow either you were innocent or if you weren't, it was someone else's fault." We do not interpret this as meaning that the trial court was punishing defendant for exercising his constitutional rights. In any event, a reading of the entire transcript of the sentencing hearing satisfies this court that the primary reason for the trial court's use of consecutive sentencing was that stated by that court earlier: "Your record reaches back to 1971, and it is such that I am afraid I am going to have to make the sentence consecutive."

Affirmed.