STATE of Minnesota, Respondent,

v.

Melvin Anthony BRODA, Appellant.

No. 81–878.

Supreme Court of Minnesota.

April 23, 1982.

---

1. Minn.Stat. § 181.40 (1971) reads "dangerous to the life, limb, health or morals of such child."

Kent D. Marshall, Barrett, Richard T. Oakes, Hamline University School of Law, St. Paul, for appellant.

Warren Spannaus, Atty. Gen., and Thomas L. Fabel, Deputy Atty. Gen., St. Paul, Robert J. Walter, County Atty., Glenwood, for respondent.

SCOTT, Justice.

Defendant was charged in Pope County District Court with third-degree felony murder in the death of the woman with whom he lived. Venue in the case was transferred to Stevens County, where a district court jury found defendant guilty as charged. The trial court sentenced defendant to 97 months in prison, which is the presumptive sentence for the offense when committed by a person with a criminal history score of zero. Issues raised by defendant on this appeal from judgment of conviction relate to the admissibility of evidence concerning defendant's assaultive conduct toward his former wife when he was married to her and to the adequacy of the instructions on the defense of mental illness or defect. We affirm.

■ Evidence at defendant's trial established that the victim, who lived with defendant, died from a subdural hematoma. The number of bruises found on the victim's body suggested that she was a battered woman. Defendant admitted to police that he had frequently beaten his former wife when he lived with her and that he had beaten the victim up to 15 times in the months he had lived with her. However, the defense suggested that the injury which caused her death had been accidental or,

alternatively, that defendant was not responsible for the beating which resulted in the fatal injury because he suffered from brain damage which was aggravated by drinking and that he did not intend to hurt her.

In this context the trial court properly admitted the *Spreigl* evidence concerning defendant's frequent beating of his former wife when they were married, evidence which aided the jury in reconstructing what caused the victim's injuries. *State v. Moyer*, 298 N.W.2d 768 (Minn.1980).

■ We do not address defendant's contention that the trial court inadequately instructed the jury on defendant's defense in the nature of mental illness or defect. By failing to object, defense counsel forfeited defendant's right to have the issue of the adequacy of the instructions in question considered on appeal.

Affirmed.