STATE of Minnesota, Respondent,

v.

Walter NELSON, Appellant.

No. 82–27.

Supreme Court of Minnesota.

Dec. 10, 1982.

C. Paul Jones, Public Defender, and Mollie G. Raskind, Asst. Public Defender, Minneapolis, for appellant.

Warren Spannaus, Atty. Gen., Tom Foley, County Atty., and Steven C. DeCoster, Asst. County Atty., St. Paul, for respondent.

YETKA, Justice.

Defendant was charged in district court with criminal sexual conduct in the first degree, Minn.Stat. § 609.342(e) (1980), and with the lesser included offense of criminal sexual conduct in the third degree, section 609.344(c). A district court jury acquitted defendant of the greater charge, but found him guilty of the lesser charge. The presumptive sentence for this offense (a severity level VII offense) by one with defendant's criminal history score (two) is 41 (38–44) months in prison. The trial court sentenced defendant to 41 months in prison. On his appeal from judgment of conviction defendant contends (1) that his conviction should be reversed outright on the ground that the evidence of his guilt was legally insufficient, (2) that he should be given a new trial on the ground that the trial court erred in admitting *Spreigl* evidence of a prior sexual attack by defendant on another woman, or (3) that his sentence should be reduced because the trial court erred in denying a request for departure from the presumptive Sentencing Guidelines sentence. We affirm.

Defendant was charged with raping a young woman whom he met at a St. Paul disco late on April 10, 1981, and persuaded to accompany him on a walk away from the disco's parking lot. While on the walk, defendant suddenly and violently forced the woman to the ground, put his hand over her mouth, and penetrated her vagina with his penis. The victim promptly reported the matter and a medical examination a short time later corroborated her claim. Defendant's name was obtained from a bouncer at the disco, who knew defendant, and the victim positively selected defendant's picture from a display of more than 100 photographs. The victim later positively identified defendant at a lineup and at trial. Defendant made damaging statements when he was interviewed by police shortly after his arrest. The state also relied upon *Spreigl* evidence establishing that on July 10, 1978, 2 years and 9 months before the charged offense, defendant persuaded a young woman to accompany him to a secluded area near the Mississippi River, where he suddenly became violent and began to attack her sexually. That woman also positively identified defendant from police photographs.

1. Defendant's first contention is that the evidence of his guilt was legally insufficient. Although Minn.Stat. § 609.-347, subd. 1 (1980) indicates that corroboration is not required in such a prosecution, we have indicated that there may be cases in which the absence of corroboration might mandate a holding by this court that the evidence was legally insufficient. *State v. Ani,* 257 N.W.2d 699 (Minn.1977). Defendant contends that this is such a case. There is no merit to this contention because the record is replete with corroborating evidence.

2. There is also no merit to defendant's contention that the trial court erred in admitting the *Spreigl* evidence. Cases supporting the trial court's ruling include *State v. Morrison,* 310 N.W.2d 135 (Minn.1981); *State v. Bolts,* 288 N.W.2d 718 (Minn.1980); *State v. Matteson,* 287 N.W.2d 408 (Minn. 1979).

3. Defendant's final contention, that the trial court erred in refusing the defendant's requests to depart, is answered by our decision in *State v. Kindem,* 313 N.W.2d 6, 7 (Minn.1981), where we stated that although "we do not intend to entirely close the door on appeals from refusals to depart * * * we believe that it would be a rare case which would warrant reversal of the refusal to depart." There, we upheld a refusal to depart even though there may have been arguments for departing downward. Here, there were no valid arguments for downward departure.

Affirmed.