**STATE of Minnesota, Respondent,**

**v.**

**Tyrone S. McCOY, Appellant.**

**No. C4–02–1788.**

Court of Appeals of Minnesota.

Sept. 9, 2003.

Mike Hatch, Attorney General, and Susan Gaertner, Ramsey County Attorney, Dawn Burlingame, Assistant County Attorney, St. Paul, MN, for Respondent.

John M. Stuart, State Public Defender, Roy G. Spurbeck, Assistant Public Defender, Minneapolis, MN, for Appellant.

Considered and decided by WRIGHT, Presiding Judge, LANSING, Judge, and PETERSON, Judge.

## OPINION

LANSING, Judge.

This appeal from a misdemeanor domestic-violence conviction presents the question of whether Minn.Stat. § 634.20 (2002) as applied to abrogate the clear-and-convincing-evidence requirement of Minn. R. Evid. 404(b) violates the separation-of-powers doctrine of the Minnesota Constitution. We conclude that the legislature did not intend to abrogate the clear-and-convincing-evidence requirement and that section 634.20 does not conflict with rule 404(b). Because the district court admitted evidence of similar prior conduct without determining whether that conduct was proved by clear and convincing evidence, we reverse and remand for a new trial.

## FACTS

Tyrone McCoy was charged with one count of interference with an emergency call and one count of misdemeanor domestic violence following an incident in which he allegedly struck Jamie McCoy, his spouse, with a belt and initially prevented her from calling for help. Before trial, Jamie McCoy informed the state that she had fabricated the alleged assault because she was angry about a relationship McCoy had been having with another woman.

At the opening of trial, the state sought permission to introduce a police report and medical records to show that McCoy had assaulted Jamie McCoy in 1997. The state contended that evidence of the 1997 incident was admissible under Minn.Stat. § 634.20 (2002), which permits the court to admit evidence of similar prior conduct between the defendant and another household member in domestic-abuse cases. According to the state, admissibility under section 634.20 hinges solely on whether the offered evidence is of similar prior conduct and whether its probative value outweighs the danger of unfair prejudice.

McCoy objected to the evidence on grounds that the state could not prove the prior conduct by clear and convincing evidence, as required under the rules of evidence and governing case law. McCoy argued that to the extent that section 634.20 admitted prior-conduct evidence

without clear and convincing evidence that the prior incident occurred, the statute unconstitutionally impinged upon the power of the judiciary to regulate evidentiary procedures.

The district court admitted the evidence of the 1997 incident. It ruled that the admissibility of similar-conduct evidence in a domestic-abuse prosecution is governed by Minn.Stat. § 634.20, and not the rules of evidence or case law, and that the statute does not require proof by clear and convincing evidence.

Jamie McCoy testified at trial and maintained that McCoy had not struck her with the belt as she had initially claimed. On direct examination the state asked Jamie McCoy about the 1997 incident, which she said she could not remember. The state also asked McCoy about the incident, and he, too, denied it. The state did not introduce the police report or the medical records. The jury convicted McCoy of the domestic-violence charge but acquitted him of the interference-with-an-emergency-call charge. McCoy appeals his conviction.

### ISSUE

Does Minn.Stat. § 634.20 (2002) permit the state to present similar-conduct evidence in a domestic-abuse prosecution without proving the conduct by clear and convincing evidence?

### ANALYSIS

 McCoy contends that Minn.Stat. § 634.20 (2002), as applied by the district court, violates the separation-of-powers doctrine of the Minnesota Constitution because the statute constitutes an attempt by the legislature to regulate an evidentiary matter within the province of the judiciary. Minnesota statutes are presumed constitutional, and the power of the appellate courts to declare a statute unconstitutional "should be exercised with extreme caution and only when absolutely necessary." *In re Haggerty,* 448 N.W.2d 363, 364 (Minn. 1989) (citation omitted).

 The Minnesota Constitution divides the powers of government among three branches of government and prohibits members of one branch from exercising a power "properly belonging to either of the others," except as provided in the constitution. Minn. Const. art. III, § 1. The power to establish rules of evidence lies within the inherent authority of the judiciary. *State v. Willis,* 332 N.W.2d 180, 184 (Minn. 1983). The courts have nevertheless enforced "reasonable statutory rules of evidence as a matter of comity when the rules were not in conflict with the Minnesota Rules of Evidence." *State v. Larson,* 453 N.W.2d 42, 46 n. 3 (Minn.1990). We must therefore begin our analysis by determining whether section 634.20 conflicts with rule 404(b).

Rule of evidence 404(b) provides that

[e]vidence of another crime, wrong, or act is not admissible to prove the character of a person in order to show action in conformity therewith. It may however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident. *In a criminal prosecution, such evidence shall not be admitted unless the other crime, wrong, or act and the participation in it by a relevant person are proven by clear and convincing evidence.*

Minn. R. Evid. 404(b) (emphasis added). Minn.Stat. § 634.20 addresses the admissibility of similar-conduct evidence offered in domestic-abuse prosecutions:

Evidence of similar conduct by the accused against the victim of domestic abuse, or against other family or household members, is admissible unless the

probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issue, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.

Unlike rule 404(b), section 634.20 does not specify an evidentiary standard by which the other conduct must be proved.

■ In construing section 634.20 to admit similar-conduct evidence without proof by clear and convincing evidence, the district court interpreted the legislature's silence on the required standard of proof to be an abrogation of the clear-and-convincing-evidence requirement of rule 404(b). Although McCoy does not challenge the district court's reading of the statute, our duty to interpret statutes to avoid constitutional defects requires us independently to review the district court's application of the statute. *See Hince v. O'Keefe,* 632 N.W.2d 577, 582 (Minn.2001) (stating that courts should interpret statutes to avoid constitutional problems). The standard of proof applicable to evidence admitted under section 634.20 is a question of first impression.

The supreme court addressed the standard of proof under section 634.20 in a footnote in *State v. Cross,* 577 N.W.2d 721 (Minn.1998), a case in which the court was required to decide whether the state had to prove a prior act of domestic abuse by clear and convincing evidence when evidence of that act was offered to prove an element of the charge of first-degree domestic-abuse homicide. In support of its conclusion that prior conduct offered to prove an element of a crime need not be proven by clear and convincing evidence, the court made the following observation:

> We note that the legislature has expressed an intent to remove evidence of "similar prior conduct" in domestic abuse (non-homicide) prosecutions from

the "clear and convincing" standard of Rule 404(b). *See* Minn.Stat. § 634.20 (1996). If this section is relevant to the admissibility of evidence in domestic abuse crimes not resulting in death of the victim, it would follow that a heightened standard would not apply to domestic abuse homicide cases.

*Cross,* 577 N.W.2d at 726 n. 2. Because the standard of proof under section 634.20 was not at issue in *Cross,* and because the supreme court provided no support for its finding of legislative intent, we believe the court's statement in *Cross* is dicta by which we are not bound. *See State v. Hanson,* 543 N.W.2d 84, 87 (Minn.1996) (stating that court is not bound by higher court's statement in dicta, but only by its holding); *cf. In re Estate of Bush,* 302 Minn. 188, 207, 224 N.W.2d 489, 501 (1974) (ascribing weight to dicta that contains strong expression of court's opinion).

■ When interpreting statutes, our goal "is to ascertain and effectuate the intention of the legislature." Minn.Stat. § 645.16 (2002). The search for legislative intent ordinarily begins with the language of the statute. *Id.* (stating that extrinsic evidence of legislative intent is to be considered "[w]hen the words of a law are not explicit"). In this case, however, it is the legislature's silence, rather than its words, which we must interpret. In these circumstances, the appellate courts turn to the legislative history of the statute for guidance. *See Burkstrand v. Burkstrand,* 632 N.W.2d 206, 210 (Minn.2001) (examining legislative history to ascertain intent from legislative silence); *see also In the Matter of N. States Power Co.,* 563 N.W.2d 302, 308 (Minn.App.1997) (considering legislative history to discern intent from legislative silence), *review denied* (Minn. July 10, 1997).

Transcripts of legislative committee meetings provide significant insight into

the legislature's intent in adopting section 634.20. In introducing the bill, the bill's chief author in the house indicated that its purpose was to permit the admission of prior acts of domestic abuse against the same victim. *Hearing on H.F. 800 Before the House Comm. on Crime & Fam. Law* (Mar. 29, 1985). After making preliminary comments on the bill, the chief author invited a prosecutor from the Hennepin County Attorney's Office to address the committee. The prosecutor informed committee members that his office had brought the need for the bill to the attention of the chief author in order to address an anomaly in the use of prior-conduct evidence in prosecutions of sexual assault, child sex abuse, and domestic violence. *Hearing on H.F. 800 Before the House Comm. on Crime & Fam. Law* (Mar. 29, 1985) (statement of Bill Neiman). According to the prosecutor, the courts had become comfortable admitting evidence of prior sexual assaults committed against third parties and evidence of prior sexual abuse against the same victim in a child sexual-abuse case, but were often reluctant to admit evidence of prior acts of domestic abuse against the same person in a domestic-abuse prosecution. *Id.*

Most significantly for the issue in this case, the prosecutor made clear that the bill, if enacted, would *not* alter the standard of proof governing prior-acts evidence:

> The court still must permit in prior incidents, *it must be convinced of the prior incidents by clear and convincing evidence,* and if you try and introduce evidence of prior assaults or other issues of that type [and] you have no corroboration [in] some respects [you] weaken your case if you try and present that to the jury because they wonder why in

fact no one else knew or no one observed the injuries.

*Id.* (emphasis added).

The intention to leave the standard of proof unaltered is also evidenced by a written statement prepared for legislators by the prosecutor and contained in the legislative record. *Hearing on S.F. 583 Before the Senate Judiciary Comm.* (Mar. 29, 1985) (written statement of Bill Neiman, entitled Domestic Violence Evidence). The report explains that the bill would codify *State v. Volstad,* 287 N.W.2d 660 (Minn.1980), in which the supreme court affirmed a district court's decision to allow a victim of a sexual assault to testify to prior acts of violence committed against her by the defendant. The appellant had challenged admission of the prior-acts evidence, arguing that the district court had not made a clear-and-convincing determination as required by *State v. Matteson,* 287 N.W.2d 408 (Minn.1979) (holding that whether evidence of other crimes is clear and convincing is for the court to determine as a matter of admissibility). The court turned away the challenge on the grounds that the appellant had not raised the issue before the district court and that, in any event, he was not prejudiced because the victim's testimony "clearly and positively pointed to [his] guilt of the prior misconduct." *Volstad,* 287 N.W.2d at 662. Because *Volstad* implicitly applied the clear-and-convincing standard, a bill that codified that decision would not alter that standard.

Because the legislative history of section 634.20 makes clear that the legislature did not intend to abrogate the clear-and-convincing-evidence requirement, we conclude that section 634.20 does not conflict with rule 404(b). Absent any demonstrated conflict between the statute and the rule, it is unnecessary for us to decide McCoy's

challenge to the constitutionality of the statute.

 Having concluded that the district court erred in admitting evidence that McCoy abused Jamie McCoy in 1997 without first determining whether the state could prove the incident by clear and convincing evidence, we must next consider the proper disposition of this appeal. Both this court and the supreme court have in prior cases independently assessed the weight of prior-conduct evidence, when the strength of the evidence allowed the court to rule as a matter of law that the prior conduct was clearly and convincingly proved. *See, e.g., Volstad,* 287 N.W.2d at 662; *State v. Yang,* No. C4–02–754, 2003 WL 1874740 (Minn.App. April 15, 2003). But in those cases, evidence of the prior-conduct included in-court testimony by the victim. In this case, in contrast, the prior-conduct evidence did not include the testimony of Jamie McCoy, who during the trial could not remember that the incident occurred. Because the only other evidence of the prior conduct mentioned by the state—the police and medical reports—was based entirely on information provided by Jamie McCoy, a determination of the weight of that evidence requires an assessment of her credibility. This is a task for which the district court is best suited. We therefore reverse McCoy's conviction and remand for a new trial.

## DECISION

The district court misapplied Minn.Stat. § 634.20 (2002) when it admitted evidence of similar prior conduct without determining whether that conduct was proved by clear and convincing evidence. Because the weight of the similar-conduct evidence offered by the state rests largely on the credibility of a witness, we are unable to determine as a matter of law whether the evidence satisfied the clear-and-convincing-evidence standard. We therefore reverse and remand for a new trial.

**Reversed and remanded.**