**STATE of Minnesota, Respondent,**

**v.**

**Scott W. NACE, Appellant.**

**No. C7–83–1922.**

Court of Appeals of Minnesota.

Sept. 4, 1984.
Review Denied Nov. 7, 1984.

Hubert H. Humphrey, III, Atty. Gen., Alan L. Mitchell, St. Louis County Atty., Peter M. Banovetz, Asst. County Atty., Duluth, for respondent.

C. Paul Jones, Public Defender, Kathy King, Asst. Public Defender, Minneapolis, for appellant.

Considered and decided by POPOVICH, C.J., and FOLEY and WOZNIAK, JJ., with oral argument waived.

## OPINION

WOZNIAK, Judge.

Appellant Scott W. Nace was convicted by a jury of burglary in violation of Minnesota Statutes Sections 609.58, subd. 2(3) and 609.05 (1982). Appellant and a co-defendant were caught by police officers in the building they were burglarizing. On appeal, appellant claims it was error for the court to allow the jury to find out the co-defendant had earlier been convicted for the burglary. Appellant also raises numerous issues pertaining to his claim of lack of a fair trial. He also contends the evidence was insufficient and that his sentence was improper. We affirm.

### FACTS

The occupant of a lower apartment of a duplex in Duluth, Minnesota, died on March 28, 1983. Her obituary appeared in the local newspaper on March 30, 1983.

Around 4:00 a.m. on March 31, 1983, one of the occupants of the upstairs apartment of the duplex was awakened by a noise, which sounded like someone trying to get in a window. When the occupant heard water running, she called the police.

Two police officers arrived six minutes later. Appellant was captured as he was trying to leave by the front door. He was ordered to get down on his knees and place his hands behind his head. The second man, identified later as James Norton, was apprehended in the basement.

Appellant and Norton were arrested, given their *Miranda* warnings, and taken to police headquarters. Appellant was again given the *Miranda* warning and indicated he understood his rights. Appellant completed a handwritten statement in which he admitted he broke a window and entered the duplex. He admitted he took a cross, Gold Bond stamps, and a watch, and he turned these items over to the police at that time. Appellant was given a breathalyzer test at about 6:00 a.m. which showed an alcohol concentration of .09.

At trial, James Norton was subpoenaed by the State. He had pleaded guilty to the burglary and had been sentenced. He testified that he and appellant had been drinking and smoking marijuana. He stated that he thought appellant told him the house was vacant because the woman died.

Appellant also testified at his trial. He claimed he had been drinking heavily and smoking a couple of joints of marijuana the night of March 30. According to appellant, he left a bar in Superior, Wisconsin, attended a party, and was driven around, and the next thing he knew he was in the apartment house holding a bag. Appellant testified he was then confronted by a gun, handcuffed, and only vaguely remembered completing a statement and blowing into the breathalyzer machine.

Following one hour of deliberations, the jury convicted appellant of burglary. The trial court sentenced appellant to the presumptive sentence of 41 months.

## ISSUES

1. Did the trial court err in admitting the co-defendant Norton's conviction, or did the prosecutor commit misconduct by arguing the conviction of Norton was a basis for convicting appellant?

2. Was appellant denied a fair trial?

3. Was the evidence sufficient to convict appellant of burglary?

4. Did the trial court err in sentencing?

## ANALYSIS

1. On direct examination of appellant's accomplice, James Norton, Norton admitted he was convicted of the burglary in this case. On cross-examination, Norton indicated he was on probation for the offense. In his closing argument, defense counsel argued that Norton was an unbelievable witness who minimized his involvement because he was now placed on probation.

On appeal, appellant claims the trial court erred in admitting Norton's conviction and claims the prosecutor committed misconduct by arguing Norton's conviction

as a justification for the conviction of appellant.

■ Appellant's contentions are without merit. The admission of Norton's conviction of burglary was not challenged at trial. In fact, defense counsel referred to Norton's conviction in his opening statement, and argued in closing that Norton lacked credibility because he was currently on probation for the burglary. The trial court instructed the jury not to concern themselves with what action, if any, was taken against Norton. Under these circumstances, no error was committed by the admission of evidence that Norton was convicted of burglary. *See State v. Helenbolt,* 334 N.W.2d 400 (Minn.1983); *Wallace v. Lockhart,* 701 F.2d 719, 726 (8th Cir.1983), *cert. den'd,* —— U.S.——, 104 S.Ct. 340, 78 L.Ed.2d 308 (1983).

■ The claim of improper prosecutor comment is also rejected. Appellant failed to object and ask for any curative instructions. Thus, he forfeited the right to have this issue considered on appeal. *State v. Rose,* 353 N.W.2d 565 (Minn.Ct.App.1984). Moreover, under the tests set out in *State v. Caron,* 300 Minn. 123, 127, 218 N.W.2d 197, 200 (1974), we believe that any misconduct here was harmless in light of the overwhelming evidence and the brief nature of the objectionable comments. *See King v. State,* 353 N.W.2d 144 (Minn.Ct. App.1984).

■ 2. Appellant claims he was denied a fair trial. He raises six separate items which we will address briefly.

(a) *Violation of speedy trial.*

■ Appellant requested a speedy trial on April 19, 1983; his trial began on August 24, 1983. The four factors of *Barker v. Wingo,* 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972), that must be considered in this regard are (1) length of delay; (2) reason for delay; (3) defendant's assertion of his right; and (4) prejudice to the defendant.

■ Appellant's trial began 67 days beyond the 60-day period contemplated by

Rule 11.10 of Minnesota Rules of Criminal Procedure. The trial court found appellant contributed to the delay because he originally intended to plead guilty; further, the record indicates defense counsel was unavailable from June 10 to June 27. We agree with the trial court that appellant has not shown any prejudice.

#### (b) *Failure of State to Plea Bargain in Good Faith.*

■ Appellant has not shown any breach of any agreement by the prosecutor. Appellant's unsubstantiated allegation of lack of authority or bad faith in negotiation is not supported by the record and is groundless.

#### (c) *Conflict of Interest.*

■ Appellant makes a vague assertion that, although the co-defendant Norton's attorney worked in the same office as appellant's original trial counsel, his right to a fair trial was somehow denied when, prior to the omnibus hearing, a different public defender was appointed for him. This contention is without merit as there is no prejudice that resulted to appellant from the change in counsel.

#### (d) *Right to Law Books.*

■ Appellant claims he had a right to use law books to supplement his appointed public defender. As the trial court succinctly stated:

[T]his Court is not aware of any procedure when a person is represented by a lawyer in the course of trial and demands law books, that upon his failure to be furnished those law books, that in any way affects the process of the trial.

*Bounds v. Smith,* 430 U.S. 817, 97 S.Ct. 1491, 52 L.Ed.2d 72 (1977).

#### (e) *Involuntary Confession.*

■ Appellant claims his handwritten statement was involuntarily given because he was intoxicated. At the omnibus hearing, appellant neither testified nor argued for its suppression. Even if appellant had preserved this issue for appeal, the testimony by the officer at the omnibus hearing is sufficient to rebut appellant's contentions. The issue is whether the trial court's findings were clearly erroneous that appellant was not intoxicated to the extent that he was incapable of making a voluntary, knowing, understood, and intelligent waiver. *State v. Kulseth,* 333 N.W.2d 635 (Minn.1983); *State v. Linder,* 268 N.W.2d 734 (Minn.1978). There was no error in allowing appellant's handwritten statement to be admitted into evidence.

#### (f) *Closing Argument.*

Appellant claims the prosecutor's closing argument was improper. Defense counsel had elicited the information that appellant's blood alcohol content was .09. In his closing comments, the prosecutor stated:

First of all, we have the breathalyzer result, .09. We don't know a lot about that result. We must confine ourselves to what's in evidence. We know that does tell us he's been drinking, because it shows up on the machine called the Breathalyzer. No question he's drunk, he's drinking, to the extent that it would register on this particular machine to .09.

■ The claim that this is somehow an improper comment on the failure to call an expert witness is meritless. This comment is an accurate reflection that the .09 breathalyzer result is vague. Moreover, defense counsel never objected to this comment; thus, appellant waived his right to have this issue considered. *Rose,* at 570. Appellant also claims prosecutorial misconduct was committed by the following comment:

I suggest to you that the only reason we are here is because—as he has a right, the defendant has exercised his right to trial, but had hoped that he could perhaps convince 12 reasonable people not to follow the law, or not to follow their oath, or not to follow the evidence. Because, again, I suggest on these facts, if you follow the law and the evidence, there is no conclusion but guilty. I suggest that the defense, here, is really one

that I will phrase as let me hope that I can hoodwink 12 jurors type defense. Because the evidence is certainly there.

This comment is so brief, it hardly merits discussion. However, again no timely objection was made, and thus appellant forfeited his right to review this issue. *Id.*

■ 3. Appellant asserts the evidence is insufficient to convict him of burglary. Our review shows the record substantiated the jury's verdict. Appellant was caught in the act of burglary, and later signed a statement incriminating himself. The intoxication issue was for the jury; they could reasonably find appellant had the requisite intent to commit the crime. *See State v. Kittleson,* 305 N.W.2d 787 (Minn. 1981); *State v. Tiessen,* 354 N.W.2d 473, (Minn.Ct.App.1984); *State v. St. Cyr,* 354 N.W.2d 479, (Minn.Ct.App.1984).

■ 4. Appellant maintains that his criminal history score consisted partly of three felony points for three aggravated forgery convictions based on three separate acts of forgery involving a single victim on three different dates. He claims that only one felony point should have been assigned. In computing the criminal history score of a defendant convicted of several counts of forgery based on separate acts of forgery involving a single victim on different dates, criminal history points may be assigned for each separate offense. *State v. Moore,* 340 N.W.2d 671 (Minn.1983). As such, appellant's presumptive prison sentence of 41 months is affirmed.

### DECISION

Appellant's burglary conviction is affirmed. Neither the trial court nor the prosecutor committed error requiring a reversal of the conviction or a new trial. The evidence in support of conviction was overwhelming, and the trial court's sentence was proper.

Affirmed.