STATE of Minnesota, Respondent,

v.

Larry THOMAS, Appellant.

No. C2–84–610.

Court of Appeals of Minnesota.

Jan. 15, 1985.

Hubert H. Humphrey, Atty. Gen., St. Paul, Thomas Johnson, Hennepin Co. Atty., Paul R. Jennings, Asst. Co. Atty., Minneapolis, for respondent.

C. Paul Jones, State Public Defender, Susan K. Maki, Asst. Public Defender, Minneapolis, for appellant.

Considered and decided by POPOVICH, C.J., and LESLIE and NIERENGARTEN, JJ., with oral argument waived.

## SUMMARY OPINION

NIERENGARTEN, Judge.

### FACTS

Appellant Larry Thomas was convicted of burglary in the first degree in violation of Minn.Stat. § 609.582, subd. 1(c) (Supp. 1983) for breaking into Heather Petit's apartment on August 23, 1983, with the intent of committing a criminal sexual assault. Petit first encountered Thomas for about 20 minutes on August 20, 1983, at about 2:00 a.m. near her apartment. He had identified himself as "Michael Mitchell" a football player for the Minnesota Gophers from Alabama. At that time he reached out, took Petit's wrists, engaged her in small talk and asked if he could come over sometime.

On August 23, Thomas broke through Petit's door, grabbed her by the neck, told her not to scream and banged her head against the door. After she screamed, Thomas struck her in the eye with his fist. She then escaped.

Thomas alleges certain errors by the trial court require reversal.

### DECISION

■ 1. Thomas' contention that a photo lineup used was impermissively suggestive or improperly conducted has no merit. *See State v. Givens,* 356 N.W.2d 58 (Minn.Ct. App.1984). In-court identification at trial was also properly admitted. *Id.*

■ 2. Thomas's contention that the trial court's admission of certain other conduct by Thomas a short time before the burglary violated the *Spreigl* notice requirements. Lynn Lawson, who lived in the same apartment complex as Petit testified that on August 19, 1983, at about 9:30 p.m. she met Thomas, who identified himself as "Mike Mitchell." "Mitchell" offered to help start her car and told her he was from Alabama and played football for the Gophers. He asked her if she would allow him to get to know her better. After she refused he asked if he could at least touch her. She said no, and he replied "I'll be back here looking for you then."

Even assuming this was *Spreigl* evidence, the Lawson episode was mentioned in the complaint and Thomas was aware of it. *State v. Volstad,* 287 N.W.2d 660, 662 (Minn.1980). The evidence was relevant, not overly prejudicial and there was no abuse of discretion in admitting it. *State v. Lee,* 282 N.W.2d 896, 901 (Minn.1979); *State v. Billstrom,* 276 Minn. 174, 149 N.W.2d 281 (1967).

■ 3. As to Thomas's contention the evidence was insufficient to convict, his identification by the victim and the surrounding circumstantial evidence was sufficient for the jury to determine that Thomas intended to commit criminal sexual conduct when he broke into Petit's apartment. *State v. Hardimon,* 310 N.W.2d 564, 566 (Minn.1981); *see State v. Roberts,* 350 N.W.2d 448, 451 (Minn.Ct.App.1984).

■ 4. Thomas claims the trial court erred in denying his requested instructions on the lesser-included offenses of assault in the fifth degree, Minn.Stat. § 609.224 (Supp.1983) or trespass, Minn.Stat. § 609.-605(6) (1982). Thomas did not testify and presented no evidence about his intent when he broke into Petit's apartment. Assuming the offenses are lesser-included, there was no evidence which would produce a rational basis for a verdict acquitting Thomas of burglary and convicting him of trespass and assault. *See State v. Jensen,* 356 N.W.2d 374 (Minn.Ct.App.1984).

■ 5. The trial court's pretrial ruling that Thomas's 1981 simple robbery and 1981 aggravated robbery convictions could be admissible as impeachment was not an abuse of discretion under *State v. Jones,* 271 N.W.2d 534, 537–38 (Minn.1978).

■ 6. Thomas personally asserts he was denied a fair trial because of the impaneling of an all white jury. He failed to make a timely jury challenge and failed to

prove discrimination in the selection of the jury. Minn.R.Crim.P. 26.02, subd. 3; *Swain v. Alabama,* 380 U.S. 202, 85 S.Ct. 824, 13 L.Ed.2d 759 (1965).

Affirmed.