STATE of Minnesota, Respondent,

v.

David August WAHL, Appellant.

No. C6–86–324.

Court of Appeals of Minnesota.

Oct. 14, 1986.

Review Denied Nov. 19, 1986.

Hubert H. Humphrey, III, Atty. Gen., St. Paul, Robert M.A. Johnson, Anoka Co.

Atty., Marcy S. Crain, Asst. Co. Atty., Anoka, for respondent.

C. Paul Jones, State Public Defender, Mollie G. Raskind, Deputy State Public Defender, Minneapolis, for appellant.

Heard, considered and decided by NIERENGARTEN, P.J., and WOZNIAK and SEDGWICK, JJ., with oral argument waived.

## OPINION

NIERENGARTEN, Judge.

Appellant David Wahl was convicted of first degree burglary. Minn.Stat. § 609.-582, subd. 1(c) (1984). He claims that he was denied a fair trial by the admission of improper *Spreigl* evidence, by improper inquiry into a prior burglary conviction and by prosecutorial misconduct in closing argument. He also challenges the sufficiency of the evidence. We affirm.

## FACTS

Cecile Bell was at home asleep and was awakened around 4:30 a.m. by an individual touching the lower part of her abdomen over her nightgown. She observed the intruder wore a blue plaid shirt, a white mask form-fit to the face with holes cut over the eyes and mouth, white knit gloves, and a hat with a large brim. The intruder was described as about 5' 7" tall with broad shoulders and a narrow waist. Bell fought with the intruder who left after his mask had twisted over his eyes in the struggle.

Bell told the police she believed the intruder was her neighbor David Wahl, because he was the same size and build as the intruder, and because of an earlier "peeping Tom" incident.

Bell related that six weeks earlier, at about 2:00 a.m., she had entered the baby's bedroom and saw a face in the darkness two to three inches from the window screen which looked like Wahl. When she walked into the bedroom the figure backed away into the darkness.

The police recovered a white cotton glove lying on the floor next to the bed. In the area surrounding the house were fresh footsteps in the wet grass; two sets of prints appeared along the back and side of the house adjacent to Wahl's residence. Bell said a dry stocking cap with a brim found in the wet street was possibly worn by the intruder; Wahl's ex-wife identified the hat as one she left at Wahl's home when she moved out. Wahl's ex-wife also testified that the glove found in Bell's bedroom was one of many white gloves used by Wahl when he worked in his garage.

Pursuant to a search warrant, the police searched Wahl's home and recovered mittens which matched the hat found in the street, a sack full of white cotton gloves, and a blue plaid shirt.

Wahl was charged by complaint with burglary. The complaint recited the "peeping Tom" incident. Although the prosecutor did not give a *Spreigl* notice, the trial court eventually admitted this "peeping Tom" evidence after an in camera examination of Bell. Wahl was convicted of first degree burglary.

## ISSUES

1. Did the trial court err in admitting the "peeping Tom" evidence?

2. Was appellant denied a fair trial by the prosecutor's inquiry into appellant's prior burglary conviction?

3. Did the prosecutor commit misconduct in closing argument?

4. Was the evidence sufficient to sustain appellant's conviction?

## ANALYSIS

### I.

Wahl claims it was prejudicial error to admit the "peeping Tom" evidence, contending it was *Spreigl* evidence and it was neither clear and convincing nor sufficiently noticed by the prosecutor. The State argues the evidence was part of the immediate episode out of which the charges arose and did not require a *Spreigl* notice.

■ We disagree with the State that the "peeping Tom" episode was part of the immediate occurrence or episode out of which the burglary charge arose. *State v. Leecy,* 294 N.W.2d 280, 282 (Minn.1980); *State v. Spreigl,* 272 Minn. 488, 497, 139 N.W.2d 167, 173 (1965); Minn.R.Crim.P. 7.02. The two events were separated in time by six weeks and were not reasonably connected otherwise.

■ The trial court, however, found that the "peeping Tom" evidence was clear and convincing and relevant. A trial court's admission of evidence of other crimes or bad acts will not be reversed unless an abuse of discretion is clearly shown. *State v. Doughman,* 384 N.W.2d 450, 454 (Minn.1986). No such abuse has been shown. At a pre-trial examination, the trial court was satisfied that the State had established that the "peeping Tom" incident had occurred and that Wahl was the offender. While the probative value of such evidence is questionable and possibly prejudicial, we do not believe the evidence in this case was unfairly prejudicial to Wahl. Minn.R.Evid. 403.

Minn.R.Crim.P. 7.02 requires the prosecuting attorney to notify the defendant or defense counsel, in writing, of *Spreigl* evidence which may be offered. "The notice procedure serves to guard against the injustice of using evidence against an accused who is unprepared to demonstrate that such evidence is unsubstantiated." *Doughman,* 384 N.W.2d at 456. However, the "peeping Tom" episode was specifically mentioned in the complaint and Wahl was aware of it. *State v. Volstad,* 287 N.W.2d 660, 662 (Minn.1980); *State v. Thomas,* 360 N.W.2d 458, 459 (Minn.Ct.App.1985), *pet. for rev. denied,* (Minn. Apr. 12, 1985). Wahl had an opportunity before trial to prepare to rebut the testimony concerning the "peeping Tom" incident.

In addition, when evidence of other crimes is "necessarily, but incidentally, a part of the substantive proof of the offense," a *Spreigl* notice is not required. *State v. Martin,* 293 Minn. 116, 129, 197 N.W.2d 219, 227 (1972). Here, Bell's testimony on the "peeping Tom" incident fits this exception.

## II.

■ The trial court ruled that Wahl's 1980 burglary conviction was admissible as *Spreigl* evidence, but that a 1982 second degree assault conviction was irrelevant. Defense counsel requested that the jury be given the factual basis for the 1980 burglary. The statement agreed on by the prosecutor and defense counsel was as follows:

On the 6th day of November, 1980, the defendant David August Wahl pled guilty in Anoka County District Court to the crime of burglary of a gasoline service station at 8255 East River Road in the City of Fridley, Anoka County, committed on or about the 14th day of August, 1980, where he was employed at that time, and money was taken.

In direct examination defense counsel asked "Can you explain what happened on that day that you committed that offense?" Wahl explained the circumstances of the crime. On cross-examination the prosecutor made a limited inquiry of Wahl, focusing on the fact that Wahl knew his employers and that the gas station was about one mile from his house.

It is clear that Wahl opened the door to this limited inquiry on cross-examination concerning the facts underlying the prior conviction. *See State v. Edwards,* 343 N.W.2d 269, 273 (Minn.1984). The inquiry was not prejudicial and a limited instruction was given by the court. Moreover, Wahl did not object to the prosecutor's question and this issue has thus been forfeited on appeal.

## III.

Wahl objects to two comments made by the prosecutor in closing argument although he concedes that the comments involve less serious prosecutorial misconduct. The first comment was the statement that in the 1980 burglary Wahl did not use force to break in but instead used a key. The second statement was a reference to the

"peeping Tom" incident where the prosecutor stated "It shows a motive, perhaps a sexual kind of predisposition. Shows possible planning, and it shows an intent to become aware of the interior of this very same bedroom where she was assaulted on September 7."

 While the second comment borders on misconduct, the record shows no objection was made and hence, Wahl has forfeited his right to challenge the closing argument on appeal. *State v. Daniels*, 332 N.W.2d 172, 180 (Minn.1983); *State v. Nace*, 354 N.W.2d 87, 90 (Minn.Ct.App. 1984), *pet. for rev. denied*, (Minn. Nov. 7, 1984). The less serious nature of the misconduct in any event was not so prejudicial as to deny Wahl a fair trial. *State v. Booker*, 348 N.W.2d 753, 755 (Minn.1984); *State v. Caron*, 300 Minn. 123, 128, 218 N.W.2d 197, 200 (1974).

## IV.

In reviewing a claim of sufficiency of evidence, we must determine whether a jury could reasonably conclude, under the facts and any legitimate inferences, that the defendant was guilty. *State v. Merrill*, 274 N.W.2d 99, 111 (Minn.1978). The evidence must be viewed in the light most favorable to the prosecution. *State v. Wahlberg*, 296 N.W.2d 408, 411 (Minn. 1980).

The jury was entitled to give great weight to Bell's testimony which described the intruder's shirt, hat, mask, gloves height and build. The physical evidence recovered from the scene and Wahl's home corroborated Bell's identification. The evidence was sufficient to sustain the conviction.

## DECISION

Appellant's conviction for burglary is affirmed. The record should reflect that while appellant was convicted of Count II, violation of Minn.Stat. § 609.582, subd. 1(c), the records both at sentencing and in the judgment erroneously refer to Count II as a violation of Minn.Stat. § 609.582, subd.

1(a). Subdivision 1(a) was actually charged as Count I; this offense was later vacated by the trial court.

Affirmed.