**STATE of Minnesota, Respondent,**

v.

**Joseph Anthony GOULD, Appellant.**

**No. CO–86–738.**

Court of Appeals of Minnesota.

Jan. 27, 1987.

Review Denied March 25, 1987.

Hubert H. Humphrey, III, Atty. Gen., Paul R. Kempainen, Sp. Asst. Atty. Gen., St. Paul, Louise T. Dobbe, Asst. Co. Atty., Stillwater, for respondent.

Bruce W. Larson, Foster, Waldeck & Lind, Ltd., Minneapolis, for appellant.

Heard, considered and decided by NIERENGARTEN, P.J., and PARKER and CRIPPEN, JJ.

## OPINION

NIERENGARTEN, Judge.

Appellant Joseph Gould was convicted of possession of stolen property. Minn.Stat. § 609.53, subd. 1 (1984). On appeal he claims the trial court abused its discretion in admitting *Spreigl* evidence and that the prosecutor committed prejudicial misconduct in closing argument. We affirm.

## FACTS

Gould's conviction stemmed from the discovery of a stolen Lindig pulverizer at his home. Gould owns and operates the Shamrock Construction Company, and in July 1984 was working on a project in Maplewood. Mogren Brothers owned the pulverizer and was working adjacent to the site Shamrock was working on. Mogren's reported its pulverizer as stolen and put a reward notice in the St. Paul newspaper.

On September 13, 1984, an informant reported having seen the pulverizer on Gould's property. Gerald Mogren identified the pulverizer and a search warrant was obtained. Gould told police someone named "Jerry Larson" owned the pulverizer and showed an undated typed note purporting to be a contract indicating that Larson was to buy 6,000 yards of black dirt from Gould and that Larson would leave the pulverizer until the money was paid. The note was signed "Jerry Larson" but had not been signed by Gould, had no address, company name or phone number for Larson. The police were unsuccessful in locating "Jerry Larson."

Gould was charged with possession of stolen property and intentionally concealing or retaining possession of movable property. The original complaint of July 16, 1985, mentioned an incident on September 19, 1984, in which a stolen bulldozer with altered serial numbers was found at Gould's work site. After the omnibus hearing, the State served a formal *Spreigl* notice regarding the bulldozer incident on January 10, 1986. Trial was held on February 3–5, 1986. After the State presented its case, it moved to admit the *Spreigl* evidence to

show a common scheme or plan. The trial court heard testimony and arguments out of the presence of the jury and ruled the evidence was admissible. The trial court gave a cautionary instruction both before the *Spreigl* evidence was admitted and again before submission of the case to the jury.

## ISSUES

1. Did the trial court abuse its discretion in admitting the *Spreigl* evidence?

2. Did the prosecutor commit prejudicial misconduct in closing argument?

## ANALYSIS

### I.

A trial court's decision admitting *Spreigl* evidence will not be reversed absent a clear abuse of discretion. *State v. Doughman,* 384 N.W.2d 450, 454 (Minn. 1986). We have no doubt that appellant had adequate notice of the *Spreigl* incident. Although normally notice should be given at or before the omnibus hearing, Minn.R. Crim.P. 7.02, here the complaint specifically mentioned the *Spreigl* incident. *State v. Volstad,* 287 N.W.2d 660, 662 (Minn.1980); *State v. Wahl,* 394 N.W.2d 536, 538 (Minn. Ct.App.1986), *pet. for rev. denied,* (Minn. Nov. 19, 1986). Further, formal notice was given over three weeks before trial. Gould was not surprised by this evidence and had sufficient time to prepare to rebut the testimony concerning the bulldozer incident at trial.

Gould claims there was not clear and convincing evidence of his participation in this *Spreigl* incident. The trial court concluded otherwise. The State argued at the *Spreigl* hearing that the incident was similar to the charged offense in that: (1) the bulldozer also was stolen, (2) it too was found in appellant's possession, (3) the victims were similar, i.e. construction equipment owners or contractors, (4) the location of the *Spreigl* incident was just blocks away from this offense, (5) both thefts occurred in July and were recovered in September, and (6) in both incidents Gould claimed he obtained the property from a person with a common name, Larson (in the charged crime) and Anderson (in the *Spreigl* incident), and failed to give any evidence that these people actually existed. Under these facts, the trial court did not abuse its discretion in admitting the *Spreigl* evidence. Gould seems to contend that the fact he was not charged for his participation in the *Spreigl* incident is relevant; it is not. Minn.R.Evid. 404(b). Any prejudicial effect in admitting the evidence was limited by the trial court's cautionary instructions.

### II.

In describing the offense of retaining possession of stolen property, of which Gould was later acquitted, the prosecutor told the jury,

> If a burglar takes your TV set and sells it to you * * * or takes your neighbor's TV set and sells it to you, and you buy that TV set, you don't have any claim of right to that even though you paid him good money, because * * *

Gould objected and the trial court noted that this was an illustration and reminded the jury that it was only an illustration and that they should rely on the judge's instructions for the law.

Gould claims the prosecutor's remarks were merely a summary of a Uniform Commercial Code statute and gave the jury an erroneous view of the law as applied to this criminal offense. The prosecutor was attempting to give an example of claim of right; while it may have been misleading, it was conduct which did not play a substantial part in influencing the jury to convict. *State v. Caron,* 300 Minn. 123, 127–28, 218 N.W.2d 197, 200 (1974). *See State v. Race,* 383 N.W.2d 656, 664 (Minn.1986). Besides, any prejudicial effect was ameliorated by the trial court's curative instructions. *See State v. Coleman,* 373 N.W.2d 777, 782–83 (Minn.1985). Finally, since Gould was acquitted of the offense the prosecutor was referring to, it is difficult to perceive any prejudice. Gould is not entitled to a new trial.

**DECISION**

Appellant's conviction for possession of stolen property is affirmed.

Affirmed.