STATE of Minnesota, Respondent,

v.

Virginia FRISINGER, Appellant.

No. C7–91–458.

Court of Appeals of Minnesota.

Dec. 24, 1991.

Review Granted March 19, 1991.

Hubert H. Humphrey, III, Atty. Gen., St. Paul, Steven E. McCullough, Ohnstad Twichell, P.C., West Fargo, N.D., for respondent.

Peter E. Karlsson, B.N. Ringstrom Law Office, Moorhead, for appellant.

Considered and decided by KLAPHAKE, P.J., and RANDALL and CRIPPEN, JJ.

## OPINION

KLAPHAKE, Judge.

Appellant Virginia Frisinger challenges the admission of a prior conviction as *State v. Spreigl,* 272 Minn., 139 N.W.2d 167 (Minn.1965) evidence. We reverse.

## FACTS

In April 1990, Clay County Social Services revoked appellant Virginia Frisinger's daycare license based on overenrollment and Frisinger's failure to cooperate with county investigators. After the revocation, social worker Bonnie Norgren received reports that Frisinger was continuing to provide daycare to three separate families despite her lack of a license. In August 1990, Frisinger appeared *pro se* and pleaded guilty to operating a daycare program without a license. Minn.Stat. § 245A.03, subds. 1, 3 (Supp.1989).

Following Frisinger's conviction, Norgren received several calls reporting Frisinger's continued operation of a daycare program for the same three families. On two separate occasions in October 1990, Norgren and two other witnesses observed Frisinger's home. On one occasion, two children left Frisinger's home and got into a car between 3:15 and 3:45 p.m. On the second occasion, two separate cars dropped off one child each at about 7:15 a.m. One hour later, a third car stopped at Frisinger's home to pick up the two children.

Based on these observations, Clay County again charged Frisinger with operating a daycare program without a license, Minn. Stat. § 245A.03, subds. 1, 3 (1990). Frisinger stated she provided daycare services

to the Bottom family only. Frisinger claimed that she cared for the Tweeten child without pay for short periods before and after school as a favor to the family, and that her daughter occasionally babysat for the Bottom, Tweeten, and Christenson families at the Frisinger home. The trial court allowed the state to introduce as *Spreigl* [1] evidence the 1990 conviction to show Frisinger's willful violation of the licensure law. The jury convicted Frisinger and she appeals, challenging the trial court's admission of the *Spreigl* evidence.

## ISSUE

Did the trial court properly instruct the jury regarding the *Spreigl* evidence of Frisinger's prior daycare licensure conviction?

## ANALYSIS

◼ Generally, evidence that a defendant has committed crimes other than the crime for which the defendant is being tried is inadmissible. Minn.R.Evid. 404(b). The trial court has discretion to admit such evidence, however, to show "motive, intent, absence of mistake or accident, identity or common scheme or plan." *State v. Slowinski,* 450 N.W.2d 107, 113 (Minn.1990) (citing *State v. Spreigl,* 272 Minn. 488, 491, 139 N.W.2d 167, 169 (1965)). Such *Spreigl* evidence is not admissible unless the following requirements are met:

1. The prosecutor must notify the defendant that the state intends to introduce the evidence;

2. The prosecutor must state the evidentiary basis for admission;

3. Where the evidence is offered to prove identity, there must be a connection in time, place, or *modus operandi;*

4. The trial court must find that the other evidence supporting the state's case is weak and that the *Spreigl* evidence is necessary to the state's burden of proof;

5. The evidence of the *Spreigl* offense is clear and convincing;

6. The probative value of the *Spreigl* evidence outweighs its prejudicial effect;

7. The trial court must give appropriate instructions as to the limited purpose of the *Spreigl* evidence.

*State v. Drieman,* 457 N.W.2d 703, 710 (Minn.1990); *State v. Hannuksela,* 452 N.W.2d 668, 678 (Minn.1990). The decision whether to admit *Spreigl* evidence ordinarily lies within the trial court's discretion, but where admissibility is questionable, the court must not admit the evidence. *State v. DeWald,* 464 N.W.2d 500, 503 (Minn. 1991).

◼ The state argues the *Spreigl* evidence was relevant because it showed Frisinger's willful intent to violate the licensure statute. The prior conviction here occurred close in time to the present charge, was based on similar facts, and involved the same statutory violation. We conclude the prior conviction was relevant in showing willfulness to commit the crime charged.

The state additionally argues the evidence was necessary to prove willfulness. However, other evidence of Frisinger's prior status as a licensed daycare provider and the subsequent revocation of her license also showed Frisinger's knowledge of the licensing requirements and her willful intent to violate those requirements. The *Spreigl* evidence was questionably necessary and therefore limited in probative value.

In addition, Minn.R.Evid. 403 requires a balancing test as to otherwise relevant evidence. The rule provides:

Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of * * * needless presentation of cumulative evidence.

Minn.R.Evid. 403. The balancing test is designed to "enhance the truth-seeking process by presenting only evidence which is probative and will lead to a rational and impartial decision." *State v. Buchanan,* 431 N.W.2d 542, 551 (Minn.1988). The trial

1. *See State v. Spreigl,* 272 Minn. 488, 139 N.W.2d 167 (1965).

court stated that the rule 403 balancing test did not apply. We disagree.

Here, the prior conviction, while relevant to willfulness, also shows too clearly the defendant's propensity to commit the crime, precisely the danger which the trial court must avoid when weighing the prejudicial effect of the conviction. *See State v. Spreigl*, 272 Minn. 488, 496, 139 N.W.2d 167, 172 (1965) (a relevant prior bad act is objectional because it has too much probative value). The prejudice arises in part from the extremely short time lapse between the *Spreigl* conviction and the dates of the currently alleged offense. Frisinger pleaded guilty just one month before she allegedly committed the current identical offense. The time lapse does not enhance the probative value of the conviction as it does where identity is at issue. *See State v. Billstrom*, 276 Minn. 174, 178, 149 N.W.2d 281, 284 (1967). Instead, the short time lapse increases the prejudicial effect of the evidence. Under these circumstances, Frisinger's prior conviction was highly prejudicial in that its admission created the possibility that the jury might convict Frisinger because of her past violation of the licensure statute rather than because of her current conduct.

Finally, Frisinger attacks the trial court's jury instructions on the use of the *Spreigl* evidence. Cautionary instructions protect the defendant from

> [t]he natural and inevitable tendency of a * * * jury * * * to give excessive weight to the * * * crime thus exhibited, and either to allow it to bear too strongly on the present charge, or to take the proof of it as justifying a condemnation irrespective of guilt of the present charge.

1 Wigmore, Evidence § 194 (3rd ed. 1940) *quoted in DeWald*, 464 N.W.2d at 502; *Spreigl*, 272 Minn. at 496, 139 N.W.2d at 172. Thus, trial court instructions limiting the use of the *Spreigl* evidence are essential. *Hannuksela*, 452 N.W.2d at 678.

■ Here, the trial court did not give *any* limiting instructions either at the admission of the *Spreigl* evidence or at the close of trial. The trial court instructed the jury only that it was not to "convict [Frisinger] of any offense of which she is not here charged."

■ Given the highly prejudicial nature of *Spreigl* evidence, we believe a trial court must specifically instruct the jury that the *Spreigl* evidence is to be used only for the limited purpose of determining whether the defendant committed the currently alleged offense. *See* 10 Minn. Practice CRIMJIG 2.01 (3rd ed. 1990). In addition, the trial court must instruct the jury that the defendant is not on trial for any offense other than the charged offense, and that the jury must not convict the defendant on the basis of the *Spreigl* evidence. *Id.* The trial court must give this instruction both at the time the evidence is received and in the final instructions, to confine the jury's attention to the charges properly before it and to reduce the possibility of double punishment. *Billstrom*, 276 Minn. at 178, 149 N.W.2d at 284. Here, the trial court's instructions did not sufficiently direct the jury on the limited purpose of the *Spreigl* evidence.

■ The state argues that the instructions adequately directed the jury on the limited use of the conviction and argues Frisinger's failure to object to the instructions constitutes a waiver of any objection on appeal. Ordinarily a defendant who does not object to the jury instructions at trial is deemed to have waived any objection on appeal. *See State v. Matteson*, 287 N.W.2d 408, 412 (Minn.1979) (refusing to address challenged instructions for failure to object); *but see State v. Hembd*, 305 Minn. 120, 130, 232 N.W.2d 872, 878 (1975) (defendant's failure to object did not preclude review where fundamental error occurred that caused substantial prejudice). We do not believe this is the ordinary case, however, because Frisinger suffered substantial prejudice from the unrestricted admission of the *Spreigl* evidence. *See Hembd*, 305 Minn. at 130, 232 N.W.2d at 878.

## DECISION

Admitting highly prejudicial *Spreigl* evidence without properly instructing the

jury, both at the time of admission and in the final charge, as to the limited use of the evidence is reversible error.

Reversed.