STATE of Minnesota, petitioner,
Appellant,

v.

Virginia FRISINGER, Respondent.

No. C7–91–458.

Supreme Court of Minnesota.

May 1, 1992.

Hubert H. Humphrey, III, Atty. Gen., Robert A. Stanich, Sp. Asst. Atty. Gen., St. Paul, Steven E. McCullough, Asst. Moorhead City Atty., Ohnstad Twichell, P.C., West Fargo, N.D., for appellant.

Peter Eric Karlsson, Moorhead, for respondent.

SIMONETT, Justice.

In its decision the court of appeals granted the defendant a new trial because, in its view, the trial court committed plain error of a prejudicial nature in failing to give, sua sponte, cautionary instructions on the appropriate use by the jury of other-crime evidence admitted against defendant pursuant to Minn.R.Evid. 404(b). *State v. Frisinger*, 478 N.W.2d 538 (Minn.App.1991). We hold that the trial court did not commit plain error of a prejudicial nature. Accordingly, we reverse the decision of the court of appeals and reinstate the judgment of conviction of the misdemeanor offense in question, willfully operating a nonresidential day care program (*i.e.*, a day care program in a place other than the residence of the children) without a license, Minn.Stat. § 245A.03, subds. 1 and 3 (Supp.1989).

Defendant formerly was licensed by the state to run a nonresidential day care program in her house, but in April of 1990 the Commissioner of Human Services formally revoked her license. A short time later, in May of 1990, the county obtained evidence that defendant was illegally continuing to operate a day care program in her house, caring for at least three children from three different families, children for whom she also had cared before she lost her license. Defendant thereafter was charged with and pleaded guilty to the misdemeanor offense of operating a program without a license. (This is the prior offense that was the focus of the court of appeals' analysis in support of its conclusion that a new trial is necessary.)

A short time later the county received reports from three different people that defendant still was illegally operating a day care program in her residence. Based on the resulting investigation, defendant was again charged with the misdemeanor offense in question, this time for the period between September 7 and October 9, 1990.

One of the key witnesses for the state at defendant's trial was defendant's next-door neighbor, who gave eyewitness testimony indicating that day care children were being dropped off and picked up at defendant's residence "every day." Two other neighbors also testified to frequently seeing children being dropped off or picked up. The county employee responsible for licensing of day care homes testified as to her surveillance of defendant's home on the afternoon of October 2 and the morning of October 9, testimony that further supported the charge.

Defendant did not testify but called two parents, one of whom testified that defendant "babysat" with her two children "regularly for pay" and the other of whom testified that defendant occasionally provided care for his child at defendant's house "as a favor" but that it was not, in his opinion, "day care." Defendant's daughter also testified.

 The issue of the admissibility of the other-crime *Spreigl* evidence was resolved by the trial court during a mid-trial

conference out of the hearing of the jury.[1] The trial court ruled, in response to an objection by defense counsel, that the state—which had already, without objection, presented testimony concerning the facts underlying the prior offense—could present evidence, in the form of a certified copy of the judgment of conviction, that the defendant had been charged and convicted of the prior offense.[2] The trial court admitted this evidence for the purpose of showing that defendant's current violation of the statute *was*, contrary to defense counsel's suggestion that it *was not*, a willful violation. The trial court did not give CRIMJIG 2.01, the recommended instruction to be given during the trial upon receipt of other-crime evidence, which reads as follows:

> The State is about to introduce evidence of an occurrence on _____ at _____. This evidence is being offered for the limited purpose of assisting you in determining whether defendant committed those acts with which defendant is charged in the complaint I have read to you.
>
> Defendant is not being tried for and may not be convicted of any offense other than the offense charged in the complaint. You are instructed specifically that you are not to convict defendant on the basis of any occurrence on _____ at _____. To do so might result in unjust, double punishment.

The prosecutor in closing argument relied primarily upon the testimony of the next-door neighbor in arguing that defendant had committed the *act* of operating a day care program without a license. The prosecutor did rely on the other-crime evidence but was careful to make it clear that the state relied on this evidence only for the purpose of showing that the current violation was willful.

Defense counsel submitted some proposed instructions but did not submit any relating to the *Spreigl* evidence. In final instructions, the trial court did not give CRIMJIG 3.16, the recommended instruction for testimony as to other crimes, which reads as follows:

> The State introduced evidence in this case of an occurrence on _____ at _____. As I told you at the time that this evidence was offered, it was admitted for the limited purpose of assisting you in determining whether defendant committed the crime(s) with which the defendant is charged in the (indictment) (complaint) I read to you.
>
> Defendant is not being tried for and may not be convicted of any crime other than the crime charged in the (indictment) (complaint). You are instructed specifically that you are not to convict defendant solely on the basis of any occurrence on _____ at _____. To do so might result in unjust, double punishment.

While not giving the recommended cautionary instruction, the trial court did instruct the jury in relevant part as follows:

> Now before the defendant may be convicted of the offense charged, you must find she committed that specific offense. You are not to convict her of any offense of which she is not here charged.

The court of appeals in its opinion reasoned as follows: (1) the other-crime evidence was relevant evidence on the issue of whether defendant's violation was willful, (2) the evidence was "questionably necessary and therefore limited in probative val-

---

**1.** *Spreigl* evidence takes its name from *State v. Spreigl*, 272 Minn. 488, 139 N.W.2d 167 (1965). Ordinarily the state must give pretrial notice, pursuant to Minn.R.Crim.P. 7.02, of any prior offenses it intends to offer pursuant to Minn. R.Evid. 404(b), but Rule 7.02 makes it clear that the notice requirement does not apply to offenses, such as the one in this case, for which the defendant has been previously prosecuted. The hearing to determine the admissibility of other-crime evidence offered pursuant to Rule 404(b) may be held either before trial or, as here, outside the jury's presence during trial, Minn.R.Evid. 103(c). Our cases give the trial court broad discretion in determining whether to require the state to call witnesses or to simply use the offer-of-proof procedure at the admissibility hearing. *See, e.g., State v. Kasper*, 409 N.W.2d 846, 847 (Minn.1987).

**2.** On the issue of the admissibility of a conviction to establish a prior offense, see, *e.g., State v. Crocker*, 409 N.W.2d 840, 843–44 (Minn.1987).

ue," (3) the balancing test of Minn.R.Evid. 403 applies in this context, (4) the evidence was so similar in time, place and modus operandi to the current offense as to create a great likelihood that the jury would convict defendant because of the past violation rather than because of her current conduct, and (5) the trial court's failure to give a specific instruction limiting the jury's use of the evidence was plain error of a prejudicial nature. 478 N.W.2d at 540–42.

■ The parties in their briefs to the court of appeals neglected to cite *State v. Forsman,* 260 N.W.2d 160, 169 (Minn. 1977), where we said generally that while the trial court, even in the absence of a request, ought to give the cautionary instructions upon receipt of the other-crime evidence and as part of the final instructions, the failure of the trial court to give those instructions in the absence of a request is not reversible error. We have followed *Forsman* in a number of subsequent cases. *See, e.g., State v. Amos,* 347 N.W.2d 498, 503 (Minn.1984) ("The law is well-settled in this state \* \* \* that a failure to give such an instruction, absent a request by counsel, is not reversible error").[3]

While the trial court clearly should have given the instructions sua sponte and while it is conceivable that a case may arise where the facts are such that a failure to give these instructions sua sponte may constitute plain error of a prejudicial nature requiring the award of a new trial, we find that a new trial is not required in this case. The state's evidence included positive eyewitness testimony by the next-door neighbor that established defendant was continuing to operate a day care program at the residence. Defendant's own witnesses, whether they intended to or not, in fact corroborated the state's evidence on this point. And, most significantly, the prosecutor did not suggest that the jury use the other-crime evidence for an improper purpose. *See State v. Bissell,* 368 N.W.2d 281,

283 (Minn.1985) (fact that "no one suggested that the evidence should be used for any [improper] purpose" relied upon by the court in concluding that failure to give a cautionary instruction was not prejudicial). Rather, the prosecutor argued only that the evidence was relevant on the issue of whether any violation was "willful." Looking at the entire record, there is no significant likelihood that the jury used the evidence improperly and that the evidence affected the verdict.

■ In deciding the relevance of proposed other-crime evidence offered pursuant to Rule 404(b), the preferred approach is for the trial court to focus on the closeness of the relationship between the other crimes and the charged crimes in terms of time, place and modus operandi. *State v. Filippi,* 335 N.W.2d 739, 743 (Minn.1983). The reason for this is that the closer the relationship, the greater is the relevance or probative value of the evidence and the lesser is the likelihood that the evidence will be used for an improper purpose.

■ The court of appeals' opinion suggests that other-crime evidence may be too probative and therefore too prejudicial because of the closeness in terms of time, place and modus operandi between the other crime and the charged offense. Specifically, the court said:

Here, the prior conviction, while relevant to willfulness, also shows too clearly the defendant's propensity to commit the crime, precisely the danger which the trial court must avoid when weighing the prejudicial effect of the conviction. \* \* \* The prejudice arises in part from the extremely short time lapse between the [prior] conviction and the dates of the currently alleged offense. Frisinger pleaded guilty just one month before she allegedly committed the current identical offense. The time lapse does not enhance the probative value of the conviction as it does where identity is at issue. \* \* \* Instead, the short time lapse in-

---

**3.** The *Forsman* approach, incidentally, apparently is the approach most federal courts, including the Eighth Circuit, have taken. *See, e.g., United States v. Davis,* 557 F.2d 1239, 1247 (8th Cir.

1977). *See also* 22 C. Wright & K. Graham, *Federal Practice & Procedure—Evidence* § 5249, at 539–40 (1978).

creases the prejudicial effect of the evidence. Under these circumstances, Frisinger's prior conviction was highly prejudicial in that its admission created the possibility that the jury might convict Frisinger because of her past violation of the license or statute rather than because of her current conduct.

478 N.W.2d at 541 (citations omitted). This language erroneously suggests that other-crime evidence may be too probative; it incorrectly equates the legitimate probative force of evidence with "unfair prejudice" spoken of in Minn.R.Evid. 403; and it could mislead trial courts on the kind of propensity analysis they must make.

■■■ The proper analysis is typified by that found in *State v. Axford*, 417 N.W.2d 88, 91–92 (Minn.1987). The trial court initially should follow the clear wording of Rule 404(b) and look to the real purpose for which the evidence is offered. Under the rule, other-crime evidence is not admissible to prove the character of a person in order to show that the person acted in conformity therewith; but the evidence may be admitted, if for a legitimate purpose, rather than for the forbidden purpose of inferring propensity from character.[4] If the evidence is offered for a legitimate purpose, then the exclusion sanction of Rule 404(b) does not apply. *See Axford*, 417 N.W.2d at 92 ("[T]he rule—like R. 404(a), which generally excludes character evidence—does not even apply when the other-crime evidence is used for some purpose other than to show that the person acted in conformity with his character.").

■■■ After this step, the trial court engages in the basic Rule 403 analysis, balancing the relevance of the evidence against the potential of the evidence for unfair prejudice. *Id.*[5] This balancing requires the trial court to exercise judicial discretion. *Id.* The court of appeals' opinion faults the trial court for indicating that the Rule 403 balancing test did not apply. However, the trial court apparently decided that Rule 403 did not apply because there was no "unfair prejudice." As *Axford* makes clear, the "unfair prejudice spoken of in R. 403 'does not mean the damage to the opponent's case that results from the legitimate probative force of the evidence' but 'refers to the unfair advantage that results from the capacity of the evidence to persuade by illegitimate means.'" *Id.* at 92 n. 1, *quoting* 22 C. Wright & K. Graham, *Federal Practice & Procedure—Evidence* § 5215, at 274–75 (1978). It appears that the trial court felt that the evidence was so closely related in time, place and modus operandi and the danger of *unfair* prejudice so minimal that there was nothing to balance.

■■■ We believe that the trial court did err in one respect and that the defendant's right to complain about that error was preserved. We refer to the trial court's denying defense counsel's request to inform the jury that the prior conviction was the result of a guilty plea by defendant and that an attorney did not represent her when she entered the plea. Defendant raised this issue in her brief in the court of appeals but made no argument in support of it "in the interest of economy." The court of appeals' opinion does not address this issue. In our opinion, the trial court erred in refusing to allow the explanation or clarification. *Cf.* 3 D. Louisell & C. Mueller, *Federal Evidence* § 319 (1979) (accused whose credibility is impeached by a prior conviction pursuant to Rule 609 should be allowed "to explain or extenuate" the conviction or deny his guilt), and *Crane v. Kentucky*, 476 U.S. 683, 106 S.Ct. 2142, 90 L.Ed.2d 636 (1986) (despite trial

---

**4.** Specifically, Rule 404(b) states:

Evidence of another crime, wrong, or act is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident. * * *

**5.** Minn.R.Evid. 403 provides:

Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.

court's refusal to exclude confession challenged on voluntariness grounds, defendant may present testimony at trial going to issue of voluntariness; erroneous refusal to allow defendant to do so is subject to harmless error impact analysis). The same should be the case with respect to prior misconduct proved by a conviction: the defendant should be allowed to give his or her version of the facts underlying the conviction and to explain the circumstances relating to the conviction, but any error in refusing to allow the defendant to do so is subject to harmless error impact analysis. Here the error clearly was harmless, since the testimony of the county employee in charge of licensing relating to the prior offense clearly and convincingly established the prior misconduct underlying the conviction which defendant was not allowed to explain and it is extremely unlikely that the explanation would have changed the result, given the strong evidence of defendant's guilt, including the testimony of her own witnesses pointing to her guilt.

Reversed and judgment of conviction reinstated.