STATE of Minnesota, Respondent,

v.

Rory Lynn WISKOW, Appellant.

No. CX–92–1937.

Court of Appeals of Minnesota.

June 15, 1993.

**658**

Hubert H. Humphrey, III, Atty. Gen., William F. Klumpp, Jr., Asst. Atty. Gen., St. Paul, Timothy R. Faver, Beltrami County Atty., Bemidji, for respondent.

John M. Stuart, State Public Defender, Leslie Joan Rosenberg, Sp. Asst. Public Defender, Minneapolis, for appellant.

Considered and decided by DAVIES, P.J., and HUSPENI and HARTEN, JJ.

## OPINION

HARTEN, Judge.

Appellant Rory Lynn Wiskow challenges the use of other incidents involving him and the complainant as evidence in a trial leading to his conviction of second degree criminal sexual conduct, Minn.Stat. § 609.-343, subd. 1(a) (1990). We affirm.

## FACTS

In 1990, appellant moved to his mother's home in Bemidji and sought visitation with his nine year old son and ten year old daughter, J.W. Both children live in Grand Rapids with their mother, appellant's for-

mer spouse. In February 1991, appellant was granted visitation for one weekend each month, one week in the summer, and alternating holidays.

J.W. testified that during an extended July 4th holiday visit in 1991, upon awakening one morning, appellant summoned her to his room. Lying naked on his bed, appellant grabbed J.W.'s hand and placed it on his penis. J.W. immediately left the room and washed her hands.

During a weekend visit in October 1991, appellant called J.W. to the room where she stayed, displayed a picture of a nude woman in a *Playboy* magazine, and left the magazine on a bookshelf in her room.

On a weekend visit in February 1992, appellant approached J.W. in the bathroom with a pair of panties and asked her to try them on; she refused. That night, appellant climbed naked into J.W.'s bed. J.W. immediately left the room. Appellant later told J.W. not to tell anyone she had seen him naked. At unspecified times, appellant also entered the bathroom while J.W. was bathing.

Several days after the February visit, J.W. became distraught and informed her mother of the incidents. J.W. and her mother reported the incidents to Beltrami County Social Services. A search warrant was executed and a *Playboy* magazine matching J.W.'s description was seized from its reported location. In late February 1992, appellant was charged with criminal sexual conduct in the second degree for the July forced-touching incident.

The trial court denied appellant's pretrial motion to suppress the *Playboy* magazine. It also overruled a corresponding objection during trial on April 29, 1992. At trial, appellant denied the forced-touching crime; he did not dispute the occurrence of the other visitation incidents but disagreed as to their implications. Appellant explained that the other incidents involved preparing his daughter for puberty. A jury found appellant guilty as charged.

Appellant was sentenced to a stayed 21 month prison term, 20 years probation, a $1,000 fine, and 6 months in jail, with jail

credit for time spent in the successful completion of a sex-offender treatment program.

## ISSUES

1. Was proper notice given of intention to introduce other-incident evidence?

2. Did the trial court err in admitting other-incident evidence?

3. Did the trial court err in failing to give cautionary instructions for other-incident evidence?

4. Was the evidence sufficient for the conviction?

## ANALYSIS

■ Appellant challenges the admission of evidence of other incidents and the sufficiency of the evidence as a whole. Admission of other-incident evidence will not be reversed on appeal unless a clear abuse of discretion is shown. *State v. Rainer*, 411 N.W.2d 490, 497 (Minn.1987). To determine whether evidence is sufficient for a conviction we decide "whether the jury could reasonably have found [guilt] viewing the evidence in the light most favorable to the verdict." *State v. Daniels*, 332 N.W.2d 172, 180 (Minn.1983).

1. *Notice.* Appellant argues that he was not given proper notice of the state's intent to use evidence of the other visitation incidents. *See State v. Spreigl*, 272 Minn. 488, 496–97, 139 N.W.2d 167, 172–73 (1965) (requiring written notice "within a reasonable time before trial" of planned trial use of other alleged offenses or acts); *see also* Minn.R.Crim.P. 7.02 (adopting *Spreigl* requirements and requiring notice at "the Omnibus Hearing * * * or as soon thereafter as the offenses become known").

> The purpose of the warning * * * is to prevent a defendant from being taken by surprise and required to defend against charges of criminal conduct *not embraced in the [complaint].*

*State v. Boyce*, 284 Minn. 242, 260, 170 N.W.2d 104, 115 (1969) (emphasis added); *see also Spreigl*, 272 Minn. at 490–91 n. 1, 139 N.W.2d at 169 n. 1.

The evidence at issue concerns appellant's behavior toward J.W. following the July 1991 forced touching: the episodes with the magazine and panties; his climbing into bed with J.W.; and his entering the bathroom while J.W. was bathing.

■ The complaint described the other incidents in detail, giving appellant nine weeks' notice of them prior to trial. Notice of the incidents was not improper under *Spreigl* standards. *See State v. Wahl*, 394 N.W.2d 536, 538 (Minn.App.1986) (incident described in complaint), *pet. for rev. denied* (Minn. Nov. 19, 1986) (citing *State v. Volstad*, 287 N.W.2d 660, 662 (Minn.1980)).

■ 2. *Admission of Other–Incident Evidence.* Evidence of post-crime incidents should be admitted with caution. *State v. Elvin*, 481 N.W.2d 571, 575 (Minn. App.1992), *pet. for rev. denied* (Minn. Apr. 29, 1992). Nonetheless, although he made a pretrial motion to suppress the *Playboy* magazine, appellant failed to object to testimony regarding the incidents involving the panties, getting into bed with J.W. and entering the bathroom. Failure to object to admission of evidence at trial constitutes waiver on appeal. *State v. Feehan*, 412 N.W.2d 309, 314 (Minn.App.1987), *pet. for rev. denied* (Nov. 12, 1987). Nor do we find "plain error" in the admission of evidence about these incidents. *See State v. Parker*, 417 N.W.2d 643, 647 (Minn.1988) (defining plain error is that which "seriously affects substantial rights and * * * has unfair prejudicial impact on the jury's deliberations.")

■ Appellant, however, challenged the admission of evidence regarding the *Playboy* incident. Although evidence of other acts is not admissible to show propensity based on character, it may be admitted to prove "motive, opportunity, intent, preparation, [or] plan." Minn.R.Evid. 404(b); *see also State v. Wermerskirchen*, 497 N.W.2d 235, 242 (Minn.1993) (evidence of other acts may be used to establish a common scheme in proving the crime). In criminal cases, evidence of this type is not admissible "unless the other * * * act and the participation in it by a relevant person

are proven by clear and convincing evidence." Minn.R.Evid. 404(b).

■ Like the other incidents, the *Playboy* incident is relevant and probative because it shows an ongoing pattern of appellant's attempts to desensitize J.W. to sexual abuse. Furthermore, the relationship between the criminal act and the other incidents, particularly the *Playboy* incident, is close in regard to modus operandi, place, and time. *See State v. Frisinger,* 484 N.W.2d 27, 31 (Minn.1992) ("the closer the relationship," the greater the probative value and less likelihood of misuse). Both the criminal act and the *Playboy* incident were initiated similarly by summoning J.W. to a private room.

■ Considering the infrequent visits and limited contact between appellant and J.W. during the relevant seven month period, the *Playboy* evidence is neither cumulative nor prejudicial. This evidence assisted the jury in placing appellant's conduct in its "proper and relevant context," *Wermerskirchen,* 497 N.W.2d at 242, to enable evaluation of appellant's denial of the forced-touching incident. Moreover, admission into evidence of the *Playboy* magazine was probative as corroboration of J.W.'s testimony about that incident.

3. *Cautionary Instructions.* Appellant argues that the trial court erred in failing to issue cautionary jury instructions on use of the other-incident evidence. *See Frisinger,* 484 N.W.2d at 31 (trial court should give *sua sponte* cautionary instructions for evidence of other crimes). Here, however, there is no indication of misuse of the evidence or prejudice constituting reversible error. *See id.*

4. *Sufficiency of the Evidence.* Appellant argued at trial that the forced-touching charge was motivated by J.W.'s anger at appellant's disciplinary actions and interference with J.W.'s daily activities occasioned by appellant's exercise of visitation. With regard to the other incidents, appellant testified that he was merely attempting to prepare his daughter for puberty. The jury could rely on common sense to reasonably reject these arguments. *See State v. Boitnott,* 443 N.W.2d 527, 531 (Minn.1989) (reviewing court assumes jury believed witnesses for the state and disbelieved contrary evidence).

■ Appellant also argues that J.W.'s testimony regarding the touching incident was vague and required corroboration. Corroboration of the testimony of a complainant of criminal sexual conduct is generally not required. Minn.Stat. § 609.-347, subd. 1 (1990). Corroboration of a child's allegations of sexual abuse is necessary only when the evidence is otherwise insufficient to sustain the conviction. *State v. Myers,* 359 N.W.2d 604, 608 (Minn. 1984). Although J.W.'s testimony of the forced-touching incident was not "particularly detailed," it was "positive" and "consistent." *Marshall v. State,* 395 N.W.2d 362, 365 (Minn.App.1986), *pet. for rev. denied* (Minn. Dec. 17, 1986). Corroboration of J.W.'s testimony is thus unnecessary. Considering the evidence in the light most favorable to the verdict, the evidence was sufficient for the jury to find appellant guilty as charged.

### DECISION

Under the circumstances, the notice provided by the complaint was sufficient to allow admission of evidence of the other incidents. The other-incident evidence was properly admitted at trial. The evidence was sufficient to convict appellant of second degree criminal sexual conduct.

**Affirmed.**